IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| TIME WARNER CABLE INC.; TIME WARNER NY CABLE LLC; TIME WARNER ENTERTAINMENT COMPANY, L.P.; AOL LLC; COMPUSERVE INTERACTIVE SERVICES, INC.; NETSCAPE COMMUNICATIONS CORPORATION; UNITED STATES CELLULAR CORPORATION; TDS TELECOMMUNICATIONS CORPORATION; TDS METROCOM, LLC; CABLEVISION SYSTEMS CORPORATION; CSC HOLDINGS, INC.; CABLEVISION SYSTEMS NEW YORK CITY CORPORATION; CABLEVISION OF BROOKHAVEN, INC.; CABLEVISION OF CONNECTICUT CORPORATION; CABLEVISION OF HUDSON COUNTY, INC.; CABLEVISION OF LITCHFIELD, INC.; CABLEVISION OF MONMOUTH, INC.; CABLEVISION OF NEW JERSEY, INC.; CABLEVISION OF OAKLAND, LLC; CABLEVISION OF ROCKLAND/RAMAPO, LLC; CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC; CHARTER COMMUNICATIONS OPERATING, LLC; CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC; QWEST COMMUNICATIONS INTERNATIONAL INC.; QWEST WIRELESS, L.L.C.; QWEST COMMUNICATIONS CORPORATION; QWEST LD CORP.; QWEST BROADBAND SERVICES, INC.; QWEST INTERPRISE AMERICA, INC., | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **DEMAND FOR JURY TRIAL** |
| Defendants. | ) ) ) | |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing"), states as follows for its complaint against:  Time Warner Cable Inc.; Time Warner NY Cable LLC; Time Warner Entertainment Company, L.P.; AOL LLC; CompuServe Interactive Services, Inc.; Netscape Communications Corporation; United States Cellular Corporation; TDS Telecommunications Corporation; TDS Metrocom, LLC; Cablevision Systems Corporation; CSC Holdings, Inc.; Cablevision Systems New York City Corporation; Cablevision of Brookhaven, Inc.; Cablevision of Connecticut Corporation; Cablevision of Hudson County, Inc.; Cablevision of Litchfield, Inc.; Cablevision of Monmouth, Inc.; Cablevision of New Jersey, Inc.; Cablevision of Oakland, LLC; Cablevision of Rockland/Ramapo, LLC; Charter Communications, Inc.; Charter Communications Holding Company, LLC; Charter Communications Operating, LLC; Charter Communications Entertainment I, LLC; Qwest Communications International Inc.; Qwest Wireless, L.L.C.; Qwest Communications Corporation; Qwest LD Corp.; Qwest Broadband Services, Inc.; and Qwest Interprise America, Inc.:

## THE PARTIES

1.      Plaintiff Katz Technology Licensing is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

2.      On information and belief, Defendant Time Warner Cable Inc. is a Delaware corporation with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902.

3.      On information and belief, Defendant Time Warner NY Cable LLC is (a) a Delaware corporation with its principal place of business at 290 Harbor Drive, Stamford, Connecticut 06902, and (b) a subsidiary of Time Warner Cable Inc.

4.     On information and belief, Defendant Time Warner Entertainment Company, L.P. is (a) a Delaware limited partnership with its principal place of business at 75 Rockefeller Plaza, New York City, New York 10019, and (b) a subsidiary of Time Warner Cable Inc.

5.     On information and belief, Defendant AOL LLC is a Delaware corporation with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166.

6.     On information and belief, Defendant CompuServe Interactive Services, Inc. is (a) a Delaware corporation with its principal place of business at 5000 Arlington Centre Boulevard, Columbus, Ohio 43220, and (b) a subsidiary of AOL LLC.

7.     On information and belief, Defendant Netscape Communications Corporation is (a) a Delaware corporation with its principal place of business at 501 East Middlefield Road, Mountain View, California 94043, and (b) a subsidiary of AOL LLC.

8.     On information and belief, Defendant United States Cellular Corporation is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr, Chicago, Illinois 60631.

9.     On information and belief, Defendant TDS Telecommunications Corporation is (a) a Delaware corporation with its principal place of business at 525 Junction Road, Madison, Wisconsin 53717, and (b) affiliated with United States Cellular Corporation.

10.     On information and belief, Defendant TDS Metrocom, LLC is (a) a Delaware corporation with its principal place of business at 525 Junction Road, Madison, Wisconsin 53717, and (b) affiliated with United States Cellular Corporation and TDS Telecommunications Corporation.

11.    On information and belief, Defendant Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue Bethpage, New York 11714.

12.    On information and belief, Defendant CSC Holdings, Inc. is (a) a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and (b) a subsidiary of Cablevision Systems Corporation.

13.    On information and belief, Defendant Cablevision Systems New York City Corporation is (a) a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and (b) a subsidiary of Cablevision Systems Corporation.

14.    On information and belief, Defendant Cablevision of Brookhaven, Inc. is (a) a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and (b) a subsidiary of Cablevision Systems Corporation.

15.    On information and belief, Defendant Cablevision of Connecticut Corporation is (a) a Delaware corporation with its principal place of business at 28 Cross Street, Norwalk, Connecticut 06851, and (b) a subsidiary of Cablevision Systems Corporation.

16.    On information and belief, Defendant Cablevision of Hudson County, Inc. is (a) a Delaware corporation with its principal place of business at 360 First Street, Hoboken, New Jersey 07030, and (b) a subsidiary of Cablevision Systems Corporation.

17.    On information and belief, Defendant Cablevision of Litchfield, Inc. is (a) a Delaware corporation with its principal place of business at 622 Torrington Road, Litchfield, Connecticut 06759, and (b) a subsidiary of Cablevision Systems Corporation.

18.     On information and belief, Defendant Cablevision of Monmouth, Inc. is (a) a Delaware corporation with its principal place of business at 1501 Eighteenth Avenue, Belmar, New Jersey 07719, and (b) a subsidiary of Cablevision Systems Corporation.

19.     On information and belief, Defendant Cablevision of New Jersey, Inc. is (a) a Delaware corporation with its principal place of business at 5 Legion Drive, Cresskill, New Jersey 07626, and (b) a subsidiary of Cablevision Systems Corporation.

20.     On information and belief, Defendant Cablevision of Oakland, LLC is (a) a Delaware corporation with its principal place of business at 80 State Street, Albany, New York 12207, and (b) a subsidiary of Cablevision Systems Corporation.

21.     On information and belief, Defendant Cablevision of Rockland/Ramapo, LLC is (a) a Delaware corporation with its principal place of business at 80 State Street, Albany, New York 12207, and (b) a subsidiary of Cablevision Systems Corporation.

22.     On information and belief, Defendant Charter Communications, Inc. is a Delaware corporation with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131.

23.     On information and belief, Defendant Charter Communications Holding Company, LLC is (a) a Delaware corporation with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and (b) a subsidiary of Charter Communications, Inc.

24.     On information and belief, Defendant Charter Communications Operating, LLC is (a) a Delaware corporation with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and (b) a subsidiary of Charter Communications, Inc.

25.     On information and belief, Defendant Charter Communications Entertainment I, LLC is (a) a Delaware corporation with its principal place of business at 12405 Powerscourt Drive, St. Louis, Missouri 63131, and (b) a subsidiary of Charter Communications, Inc.

26.     On information and belief, Defendant Qwest Communications International Inc. is a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202.

27.     On information and belief, Defendant Qwest Wireless, L.L.C. is (a) a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Communications International Inc.

28.     On information and belief, Defendant Qwest Communications Corporation is (a) a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Communications International Inc.

29.     On information and belief, Defendant Qwest LD Corp. is (a) a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Communications International Inc.

30.     On information and belief, Defendant Qwest Broadband Services, Inc. is (a) a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Communications International Inc.

31.     On information and belief, Defendant Qwest Interprise America, Inc. is a (a) Colorado corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202, and (b) a subsidiary of Qwest Communications International Inc.

## JURISDICTION AND VENUE

32.     This is an action arising under the patent laws of the United States, 35 U.S.C. sections 101 *et seq.*  This Court has subject matter jurisdiction over this action under 28 U.S.C. sections 1331 and 1338(a).

33.     Defendants Time Warner Cable Inc., Time Warner NY Cable LLC, and Time Warner Entertainment Company, L.P. (collectively, the "Time Warner Cable Defendants") are subject to this Court's personal jurisdiction because, on information and belief, Time Warner Cable Inc. and Time Warner NY Cable LLC are Delaware corporations, Time Warner Entertainment Company, L.P. is a Delaware limited partnership, and all three Time Warner Cable Defendants have designated a registered agent in this district.

34.     Defendants AOL LLC, CompuServe Interactive Services, Inc., and Netscape Communications Corporation (collectively, the "AOL Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; (2) they do substantial business in this district; (3) they operate infringing automated call processing systems for voicemail services, customer service, and technical support for their customers, including customers in this district; and (4) they regularly solicit business from, do business with, and derive revenue from goods and services provided to, customers in this district.

35.     Defendants United States Cellular Corporation, TDS Telecommunications Corporation, and TDS Metrocom, LLC (collectively, the "TDS Defendants") are subject to this Court's personal jurisdiction because, on information and belief, (1) they are Delaware corporations and have designated a registered agent in this district; and (2) United States Cellular Corporation provides wireless services with a coverage area that includes this district.

- 7 -

36.     Cablevision Systems Corporation, CSC Holdings, Inc., Cablevision Systems New York City Corporation, Cablevision of Brookhaven, Inc., Cablevision of Connecticut Corporation, Cablevision of Hudson County, Inc., Cablevision of Litchfield, Inc., Cablevision of Monmouth, Inc., Cablevision of New Jersey, Inc., Cablevision of Oakland, LLC, and Cablevision of Rockland/Ramapo, LLC (collectively, the "Cablevision Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and have designated a registered agent in this district.

37.     Charter Communications, Inc., Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, and Charter Communications Entertainment I, LLC (collectively, the "Charter Communications Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and have designated a registered agent in this district.

38.     Qwest Communications International Inc., Qwest Wireless, L.L.C., Qwest Communications Corporation, Qwest LD Corp., Qwest Broadband Services, Inc., and Qwest Interprise America, Inc. (collectively, the "Qwest Defendants") are subject to this Court's personal jurisdiction because, on information and belief, they are Delaware corporations and/or have designated a registered agent in this district.

39.     Venue is proper in this judicial district under 28 U.S.C. sections 1391(c) and 1400(b) because the Defendants are incorporated, reside, have designated a registered agent in, and/or engage in significant business activities in this district as set forth in Paragraphs 2-31 and 33-38 above.

**BACKGROUND**

40.     Ronald A. Katz ("Mr. Katz"), founder of Katz Technology Licensing, is the sole inventor of each of the patents-in-suit.  Mr. Katz has been widely recognized as one of the most prolific and successful inventors of our time, and his inventions over the last forty-plus years have been utilized by literally millions of people.

41.     In 1961, Mr. Katz co-founded Telecredit Inc. ("Telecredit"), the first company to provide online, real-time credit authorization, allowing merchants to verify checks over the telephone.  Further innovations from Telecredit include the first online, real-time, point-of-sale credit verification terminal, which enabled merchants to verify checks without requiring the assistance of a live operator, and the first device that used and updated magnetically-encoded cards in automated teller machines.  Multiple patents issued from these innovations, including patents co-invented by Mr. Katz.

42.     Telecredit was eventually acquired by Equifax, and has now been spun off as Certegy, a public company traded on the New York Stock Exchange.  Certegy continues to provide services in the credit and check verification field established by Mr. Katz and Telecredit.

43.     Mr. Katz's inventions have not been limited to telephonic check verification.  Indeed, Mr. Katz is responsible for advancements in many fields of technology.  Among his most prominent and well-known innovations are those in the field of interactive call processing.  Mr. Katz's inventions in that field are directed to the integration of telephonic systems with computer databases and live operator call centers to provide interactive call processing services.

44.     The first of Mr. Katz's interactive call processing patents issued on December 20, 1988.  More than fifty U.S. patents have issued to Mr. Katz for his inventions in the interactive call-processing field, including each of the patents-in-suit.

45.     In 1988, Mr. Katz partnered with American Express to establish FDR Interactive Technologies, later renamed Call Interactive, to provide interactive call processing services based on Mr. Katz's inventions.  The American Express business unit involved in this joint venture later became known as First Data.

46.     Early clients of Call Interactive included *The New York Times*, ABC's *Monday Night Football*, KABC Radio, CBS News, and Beatrice Foods (Hunt-Wesson division).

47.     Many of these clients utilized Call Interactive technology for high-profile events.  For example, CBS News hired Call Interactive to operate an interactive, real-time telephone poll to gauge viewer reaction to President George H.W. Bush's 1992 State of the Union address.

48.     Mr. Katz sold his interest in Call Interactive to American Express in 1989 but continued to provide advisory services to Call Interactive until 1992.  American Express later spun off the First Data business unit into a separate corporation, and with that new entity went Mr. Katz's interactive call processing patents and the Call Interactive call processing business. The former Call Interactive, now known as First Data Voice Services, continues to provide call processing solutions today.

49.     In 1994, Mr. Katz formed Katz Technology Licensing, which acquired the rights to the entire interactive call processing patent portfolio, including the rights to each of the patents-in-suit, from First Data, the owner of all of the Katz interactive call processing patents at that time.

50.     The marketplace has clearly recognized the value of Mr. Katz's inventions.  Indeed, over one hundred fifty companies have licensed the patents-in-suit. Licensees include IBM, Hewlett-Packard, Bank of America, JPMorgan Chase, Wells Fargo,

HSBC, AT&T, Verizon, Sprint, Microsoft, Delta Airlines, Merck, Sears, Citibank, and the Home Shopping Network.  These licensees and others acknowledge the applicability of the patents-in-suit to multiple fields of use, including but not limited to financial services call processing, automated securities transactions, automated credit card authorization services, automated wireless telecommunication services and support, automated health care services, and product and service support.

51.    Each of the defendants employs the inventions of certain of the patents-in-suit.  Katz Technology Licensing, through its licensing arm A2D, L.P., has repeatedly attempted to engage each defendant in licensing negotiations, but to date, none of the defendants has agreed to take a license to any of the patents-in-suit.

## THE ASSERTED PATENTS

52.    On December 20, 1988, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,792,968 (the "'968 Patent") to Ronald A. Katz for an invention entitled "Statistical Analysis System for Use With Public Communication Facility."  The '968 Patent expired on December 20, 2005.

53.    On May 29, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,930,150 (the "'150 Patent") to Ronald A. Katz for an invention entitled "Telephonic Interface Control System."  The '150 Patent expired on December 20, 2005.

54.    On July 3, 1990, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,939,773 (the "'773 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

55.     On January 22, 1991, the United States Patent and Trademark Office duly and legally issued United States Patent No. 4,987,590 (the "'590 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

56.     On July 7, 1992, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,128,984 (the "'984 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

57.     On October 5, 1993, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,251,252 (the "'252 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

58.     On March 22, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,297,197 (the "'197 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

59.     On September 27, 1994, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,351,285 (the "'285 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System."  The '285 Patent expired on December 20, 2005.

60.     On August 15, 1995, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,442,688 (the "'688 Patent") to Ronald A. Katz for an invention entitled "Multiple Party Telephone Control System."

61.     On November 4, 1997, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,684,863 (the "'863 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '863 Patent expired on December 20, 2005.

62.     On July 28, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,787,156 (the "'156 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System."  The '156 Patent expired on December 20, 2005.

63.     On September 29, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,815,551 (the "'551 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '551 Patent expired on December 20, 2005.

64.     On October 27, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,828,734 (the "'734 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

65.     On November 10, 1998, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,835,576 (the "'576 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery Device."  The '576 Patent expired on July 10, 2005.

66.     On April 27, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,898,762 (the "'762 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '762 Patent expired on December 20, 2005.

67.     On June 29, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,917,893 (the "'893 Patent") to Ronald A. Katz for an invention entitled "Multiple Format Telephonic Interface Control System."  The '893 Patent expired on December 20, 2005.

68.     On October 26, 1999, the United States Patent and Trademark Office duly and legally issued United States Patent No. 5,974,120 (the "'120 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."

69.     On March 7, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,035,021 (the "'021 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '021 Patent expired on December 20, 2005.

70.     On November 14, 2000, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,148,065 (the "'065 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '065 Patent expired on July 10, 2005.

71.     On January l, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,335,965 (the "'965 Patent") to Ronald A. Katz for an invention entitled "Voice-Data Telephonic Interface Control System." The '965 Patent expired on December 20, 2005.

72.     On February 19, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,349,134 (the "'134 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System." The '134 Patent expired on December 20, 2005.

73.     On July 23, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,424,703 (the "'703 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Lottery System." The '703 Patent expired on July 10, 2005.

74.     On August 13, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,434,223 (the "'223 Patent") to Ronald A. Katz for an invention entitled "Telephone Interface Call Processing System With Call Selectivity."  The '223 Patent expired on July 10, 2005.

75.     On September 10, 2002, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,449,346 (the "'346 Patent") to Ronald A. Katz entitled "Telephone-Television Interface Statistical Analysis System."  The '346 Patent expired on December 20, 2005.

76.     On January 28, 2003, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,512,415 (the "'415 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Game Control System."  The '415 Patent expired on July 10, 2005.

77.     On January 13, 2004, the United States Patent and Trademark Office duly and legally issued United States Patent No. 6,678,360 (the "'360 Patent") to Ronald A. Katz for an invention entitled "Telephonic-Interface Statistical Analysis System."  The '360 Patent expired on July 10, 2005.

## FIRST CLAIM
### (PATENT INFRINGEMENT BY TIME WARNER CABLE DEFENDANTS)

78.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-77 of this Complaint as if fully set forth herein.

79.     The Time Warner Cable Defendants serve subscribers throughout the United States with cable television, high-speed data, Voice over Internet Protocol service, and enhanced digital video products and services.

80.    On information and belief, the Time Warner Cable Defendants use and/or have used infringing call processing systems to offer automated customer service, voicemail functions, and pay-per-view to their customers. Using an automated system, in some instances in connection with live operators, the Time Warner Cable Defendants allow their customers to access information about their accounts, make credit card payments, confirm appointments, establish or change their personal identification numbers, access voicemail messages, order digital content to be delivered to their televisions, and perform various other functions.

81.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '346, '360, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

82.    On information and belief, in their automated customer service, voicemail functions, and "Video on Demand" operations described in Paragraph 80 (collectively, the "Accused Time Warner Cable Services"), the Time Warner Cable Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 81 of this Complaint by making, using, offering to sell, or selling the Accused Time Warner Cable Services.

83.    On information and belief, the Time Warner Cable Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Time Warner Cable Services.

84.    The Time Warner Cable Defendants' infringement of the patents identified in Paragraph 81 of this Complaint has been and is willful.

85.     The Time Warner Cable Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court. Katz Technology Licensing has no adequate remedy at law.

## SECOND CLAIM
### (PATENT INFRINGEMENT BY AOL DEFENDANTS)

86.     Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-77 of this Complaint as if fully set forth herein.

87.     The AOL Defendants offer Internet access subscription services and operate a network of Web brands and digital services.

88.     On information and belief, the AOL Defendants use infringing call processing systems to offer automated customer service, AOL By Phone, voicemail functions, and technical support to their customers.  Using an automated system, in some instances in connection with operators, the AOL Defendants allow their customers to access information about their accounts, access email and voicemail messages, make credit card payments, change their passwords, cancel their accounts, receive technical support, and perform various other functions.

89.     Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '703, '762, '863, '893, '965, '968, and '984 Patents.

90.     On information and belief, in their automated customer service, AOL By Phone, voicemail, and technical support operations described in Paragraph 88 (collectively, the "Accused AOL Services"), the AOL Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each

of the patents identified in Paragraph 89 of this Complaint by making, using, offering to sell, or selling the Accused AOL Services.

91.    On information and belief, the AOL Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, and '984 Patents by making, using, offering to sell, or selling the Accused AOL Services.

92.    The AOL Defendants' infringement of the patents identified in Paragraph 89 of this Complaint has been and is willful.

93.    The AOL Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## THIRD CLAIM
### (PATENT INFRINGEMENT BY TDS DEFENDANTS)

94.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-77 of this Complaint as if fully set forth herein.

95.    The TDS Defendants, subsidiaries of Telephone & Data Systems, Inc., provide telecommunications services, including wireless and landline services, to customers throughout the United States.

96.    On information and belief, the TDS Defendants use infringing call processing systems to offer automated customer service, voicemail functions, and technical support to their customers.  Using an automated system, in some instances in connection with operators, the TDS Defendants allow their customers to access information about their accounts, check usage and account balances, access voicemail messages, make credit card and bank

account payments, access technical support, change their passwords, discontinue service, and perform various other functions.

97.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '893, '965, '968, and '984 Patents.

98.    On information and belief, in their automated account service, voicemail, and technical support operations described in Paragraph 96 (collectively, the "Accused TDS Services"), the TDS Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 97 of this Complaint by making, using, offering to sell, or selling the Accused TDS Services.

99.    On information and belief, the TDS Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused TDS Services.

100.    The TDS Defendants' infringement of the patents identified in Paragraph 97 of this Complaint has been and is willful.

101.    The TDS Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## FOURTH CLAIM
### (PATENT INFRINGEMENT BY CABLEVISION DEFENDANTS)

102.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-77 of this Complaint as if fully set forth herein.

103.    Cablevision Systems Corporation is a communications and entertainment company.  Through its subsidiaries including CSC Holdings, Inc., Cablevision Systems New York City Corporation, Cablevision of Brookhaven, Inc., Cablevision of Connecticut Corporation, Cablevision of Hudson County, Inc., Cablevision of Litchfield, Inc., Cablevision of Monmouth, Inc., Cablevision of New Jersey, Inc., Cablevision of Oakland, LLC, and Cablevision of Rockland/Ramapo, LLC, Cablevision Systems Corporation provides services including high-speed Internet access, voicemail services, digital cable television offerings, and national television program networks.

104.    On information and belief, the Cablevision Defendants use infringing call processing systems to offer automated cable customer service, business customer service, voicemail services, and pay-per-view ordering services to their customers.  Using an automated system, in some instances in connection with operators, the Cablevision Defendants allow their customers to access information about their accounts, make credit card payments, order duplicate bills, access an automated television repair service, order pay-per-view programming, and perform various other functions.

105.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 Patents.

106.    On information and belief, in their automated customer service, voicemail service, and pay-per-view service operations described in Paragraph 104 (collectively, the "Accused Cablevision Services"), the Cablevision Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims

of each of the patents identified in Paragraph 105 of this Complaint by making, using, offering to sell, or selling the Accused Cablevision Services.

107.    On information and belief, the Cablevision Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Cablevision Services.

108.    The Cablevision Defendants' infringement of the patents identified in Paragraph 105 of this Complaint has been and is willful.

109.    The Cablevision Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY CHARTER COMMUNICATIONS DEFENDANTS)

110.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-77 of this Complaint as if fully set forth herein.

111.    Charter Communications, Inc. is a national broadband communications company with businesses in television services, cable television services, internet services, and pay-per-view television programming that it offers through, *inter alia*, Charter Communications Holding Company, LLC, Charter Communications Operating, LLC, and Charter Communications Entertainment I, LLC.

112.    On information and belief, the Charter Communications Defendants use infringing call processing systems to offer automated customer service, pay-per-view ordering service, and telephone bill pay services to their customers.  Using an automated system, in some instances in connection with operators, the Charter Communications Defendants have allowed,

and in some instances continue to allow, their customers to access information about their accounts, make credit card payments, schedule and confirm appointments, establish or change their personal identification numbers, access voicemail messages, order digital content to be delivered to their televisions, and perform various other functions.

113.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '065, '120, '150, '223, '252, '285, '360, '551, '734, '762, '863, '893, '965, '968, and '984 Patents.

114.    On information and belief, in their automated customer service, pay-per-view service, and telephone bill pay operations described in Paragraph 112 (collectively, the "Accused Charter Communications Services"), the Charter Communications Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 113 of this Complaint by making, using, offering to sell, or selling the Accused Charter Communications Services.

115.    On information and belief, the Charter Communications Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '252, '734, and '984 Patents by making, using, offering to sell, or selling the Accused Charter Communications Services.

116.    The Charter Communications Defendants' infringement of the patents identified in Paragraph 113 of this Complaint has been and is willful.

117.    The Charter Communications Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## SIXTH CLAIM
### (PATENT INFRINGEMENT BY QWEST DEFENDANTS)

118.    Katz Technology Licensing realleges and incorporates by reference Paragraphs 1-77 of this Complaint as if fully set forth herein.

119.    Qwest Communications International Inc. provides its customers with high-speed Internet, data, video and voice services through, *inter alia*, its operating subsidiaries Qwest Wireless, L.L.C., Qwest Communications Corporation, Qwest LD Corp., Qwest Broadband Services, Inc., and Qwest Interprise America, Inc.

120.    On information and belief, the Qwest Defendants use infringing call processing systems to offer automated customer service, voice messaging, and conferencing functions.  Using an automated system, in some instances in connection with operators, the Qwest Defendants allow their customers to change or order service, check order status, make payments, obtain account information, report service problems, schedule repairs, obtain product and service information, set up and access voicemail, place calls using a calling card, manage prepaid calling card accounts, utilize conferencing services, and perform various other functions.

121.    Katz Technology Licensing is the sole holder of the entire right, title, and interest in the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 Patents.

122.    On information and belief, in their customer service, voice messaging, and conferencing operations described in Paragraph 120 (collectively, the "Accused Qwest Services"), the Qwest Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of the patents identified in Paragraph 121 of this Complaint by making, using, offering to sell, or selling the Accused Qwest Services.

123.    On information and belief, the Qwest Defendants continue to infringe, actively induce the infringement of, and contribute to the infringement of one or more claims of the '120, '197, '252, '590, '688, '734, '773, and '984 Patents by making, using, offering to sell, or selling the Accused Qwest Services.

124.    The Qwest Defendants' infringement of the patents identified in Paragraph 121 of this Complaint has been and is willful.

125.    The Qwest Defendants' infringement has caused and will continue to cause Katz Technology Licensing irreparable harm unless enjoined by this Court.  Katz Technology Licensing has no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Ronald A. Katz Technology Licensing, L.P., respectfully requests that this Court enter judgment in its favor and against the defendants and grant the following relief:

1.    Adjudge that the Time Warner Cable Defendants have been and are infringing one or more claims of the patents identified in Paragraph 81 of this Complaint by offering the Accused Time Warner Cable Services;

2.    Adjudge that the Time Warner Cable Defendants' infringement has been and is willful;

3.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Time Warner Cable Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

4.    Order an accounting for damages resulting from the Time Warner Cable Defendants' infringement of the patents identified in Paragraph 81 of this Complaint.

- 24 -

5.      Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Time Warner Cable Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

6.      Enter an order, pursuant to 35 U.S.C. § 284, and based on the Time Warner Cable Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Time Warner Cable Defendants;

7.      Adjudge that the AOL Defendants have been and are infringing one or more claims of the patents identified in Paragraph 89 of this Complaint by offering the Accused AOL Services;

8.      Adjudge that the AOL Defendants' infringement has been and is willful;

9.      Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the AOL Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, and '984 Patents;

10.     Order an accounting for damages resulting from the AOL Defendants' infringement of the patents identified in Paragraph 89 of this Complaint;

11.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the AOL Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

12.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the AOL Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the AOL Defendants;

13.     Adjudge that the TDS Defendants have been and are infringing one or more claims of the patents identified in Paragraph 97 of this Complaint by offering the Accused TDS Services;

14.     Adjudge that the TDS Defendants' infringement has been and is willful;

15.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the TDS Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

16.     Order an accounting for damages resulting from the TDS Defendants' infringement of the patents identified in Paragraph 97 of this Complaint;

17.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the TDS Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

18.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the TDS Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the TDS Defendants;

19.     Adjudge that the Cablevision Defendants have been and are infringing one or more claims of the patents identified in Paragraph 105 of this Complaint by offering the Accused Cablevision Services;

20.    Adjudge that the Cablevision Defendants' infringement has been and is willful;

21.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Cablevision Defendants, and all persons in active concert or participation with them, from any further acts of infringement, contributory infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

22.    Order an accounting for damages resulting from the Cablevision Defendants' infringement of the patents identified in Paragraph 105 of this Complaint;

23.    Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Cablevision Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

24.    Enter an order, pursuant to 35 U.S.C. § 284, and based on the Cablevision Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Cablevision Defendants;

25.    Adjudge that the Charter Communications Defendants have been and are infringing one or more claims of the patents identified in Paragraph 113 of this Complaint by offering the Accused Charter Communications Services;

26.    Adjudge that the Charter Communications Defendants' infringement has been and is willful;

27.    Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily, and permanently enjoining the Charter Communications Defendants, and all persons in active

concert or participation with them, from any further acts of infringement, contributory

infringement, or inducement of infringement of the '120, '252, '734, and '984 Patents;

28.     Order an accounting for damages resulting from the Charter

Communications Defendants' infringement of the patents identified in Paragraph 113 of this

Complaint;

29.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology

Licensing damages adequate to compensate Katz Technology Licensing for the Charter

Communications Defendants' infringement, but in no event less than a reasonable royalty,

together with pre-judgment and post-judgment interest;

30.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Charter

Communications Defendants' willful infringement, trebling all damages awarded to Katz

Technology Licensing and against the Charter Communications Defendants;

31.     Adjudge that the Qwest Defendants have been and are infringing one or

more claims of the patents identified in Paragraph 121 of this Complaint by offering the Accused

Qwest Services;

32.     Adjudge that the Qwest Defendants' infringement has been and is willful;

33.     Enter an order, pursuant to 35 U.S.C. § 283, temporarily, preliminarily,

and permanently enjoining the Qwest Defendants, and all persons in active concert or

participation with them, from any further acts of infringement, contributory infringement, or

inducement of infringement of the '120, '197, '252, '590, '688, '734, '773, and '984 Patents;

34.     Order an accounting for damages resulting from the Qwest Defendants'

infringement of the patents identified in Paragraph 121 of this Complaint;

35.     Enter an order, pursuant to 35 U.S.C. § 284, awarding to Katz Technology Licensing damages adequate to compensate Katz Technology Licensing for the Qwest Defendants' infringement, but in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

36.     Enter an order, pursuant to 35 U.S.C. § 284, and based on the Qwest Defendants' willful infringement, trebling all damages awarded to Katz Technology Licensing and against the Qwest Defendants;

37.     Enter an order, pursuant to 35 U.S.C. § 285, finding that this is an exceptional case and awarding to Katz Technology Licensing its reasonable attorneys' fees incurred in this action; and

38.     Award such other relief as the Court may deem appropriate and just under the circumstances.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States, Plaintiff demands a trial by jury of all claims and all issues triable as of right by jury in this action.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

Dated:  September 1, 2006
534898

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

RONALD A. KATZ TECHNOLOGY LICENSING, L.P.

## DEFENDANTS

TIME WARNER CABLE INC.; TIME WARNER NY CABLE LLC; TIME WARNER ENTERTAINMENT COMPANY, L.P.; AOL LLC; COMPUSERVE INTERACTIVE SERVICES, INC.; NETSCAPE COMMUNICATIONS CORPORATION; UNITED STATES CELLULAR CORPORATION; TDS TELECOMMUNICATIONS CORPORATION; TDS METROCOM, LLC; CABLEVISION SYSTEMS CORPORATION; CSC HOLDINGS, INC.; CABLEVISION SYSTEMS NEW YORK CITY CORPORATION; CABLEVISION OF BROOKHAVEN, INC.; CABLEVISION OF CONNECTICUT CORPORATION; CABLEVISION OF HUDSON COUNTY, INC.; CABLEVISION OF LITCHFIELD, INC.; CABLEVISION OF MONMOUTH, INC.; CABLEVISION OF NEW JERSEY, INC.; CABLEVISION OF OAKLAND, LLC; CABLEVISION OF ROCKLAND/RAMAPO, LLC; CHARTER COMMUNICATIONS, INC.; CHARTER COMMUNICATIONS HOLDING COMPANY, LLC; CHARTER COMMUNICATIONS OPERATING, LLC; CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC; QWEST COMMUNICATIONS INTERNATIONAL INC.; QWEST WIRELESS, L.L.C.; QWEST COMMUNICATIONS CORPORATION; QWEST LD CORP.; QWEST BROADBAND SERVICES, INC.; QWEST INTERPRISE AMERICA, INC.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Mary B. Graham
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street, 18th Floor
Wilmington, DE 19899
302-658-9200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks or Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers Liability | ☐ 640 R R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholder Suits | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | **PERSONAL INJURY** | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med Malpractice | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 365 Personal Injury - Product Liability | ☐ 730 Labor Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | **PERSONAL PROPERTY** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 370 Other Fraud | ☐ 791 Empl Ret Inc Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 371 Truth in Lending | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 380 Other Personal Property Damage | | | |
| ☐ 245 Tort Product Liability | ☐ 385 Property Damage Product Liability | | | |
| ☐ 290 All Other Real Property | | | | |

| **CIVIL RIGHTS** | **PRISONER PETITIONS** |
|---|---|
| ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |
| ☐ 442 Employment | **HABEAS CORPUS:** |
| ☐ 443 Housing/Accommodations | ☐ 530 General |
| ☐ 444 Welfare | ☐ 535 Death Penalty |
| ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other |
| | ☐ 550 Civil Rights |
| | ☐ 555 Prison Condition |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred From another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Patent Infringement; 35 U.S.C. § 271

**VII. REQUESTED IN COMPLAINT**

DEMAND $

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☒ YES   ☐ NO

**VIII. RELATED CASE(S)** (See Instructions)

**IF ANY**

This is one of five related cases filed today by Plaintiff

JUDGE

DOCKET NUMBER

DATE  9/1/06

SIGNATURE OF ATTORNEY OF RECORD  *Mary B. Graham*

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____