IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-546-GMS |
| TIME WARNER CABLE INC., et al., | ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

**ANSWER AND COUNTERCLAIM OF DEFENDANTS QWEST COMMUNICATIONS INTERNATIONAL, INC., QWEST WIRELESS, L.L.C., QWEST COMMUNICATIONS CORPORATION, QWEST LD CORP., QWEST BROADBAND SERVICES, INC. AND QWEST INTERPRISE AMERICA, INC.**

Defendants Qwest Communications International, Inc., Qwest Wireless, L.L.C., Qwest

Communications Corporation, Qwest LD Corp., Qwest Broadband Services, Inc. and Qwest

Interprise America, Inc. (collectively, the "Qwest Defendants"), by and through their attorneys,

Richards, Layton & Finger, P.A., as and for their answer to Plaintiff Ronald A. Katz Technology

Licensing, L.P.'s Complaint for Patent Infringement admit, deny and allege as follows:

**THE PARTIES[1]**

1.    Qwest Defendants are without sufficient knowledge or information to form a

belief as to the truth or accuracy of the allegations in paragraph 1 of the Complaint and,

therefore, deny those allegations.

2.    Qwest Defendants admit, on information and belief, that Defendant Time Warner

Cable Inc. is a Delaware corporation.  Qwest Defendants are without sufficient knowledge or

---

[1] For the ease of the Court, Defendants will use the headings used by Plaintiff in the
Complaint but, in doing so, do not admit the truth of any information contained in the headings.

information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 2 of the Complaint and, therefore, deny those allegations.

3.      Qwest Defendants admit, on information and belief, that Defendant Time Warner NY Cable LLC is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 3 of the Complaint and, therefore, deny those allegations.

4.      Qwest Defendants admit, on information and belief, that Defendant Time Warner Entertainment Company, L.P. is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 4 of the Complaint and, therefore, deny those allegations.

5.      Qwest Defendants admit, on information and belief, that Defendant AOL LLC is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 5 of the Complaint and, therefore, deny those allegations.

6.      Qwest Defendants admit, on information and belief, that Defendant CompuServe Interactive Services, Inc. is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 6 of the Complaint and, therefore, deny those allegations.

7.      Qwest Defendants admit, on information and belief, that Defendant Netscape Communications Corporation is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 7 of the Complaint and, therefore, deny those allegations.

2

8.       Qwest Defendants admit, on information and belief, that Defendant United States Cellular Corporation is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 8 of the Complaint and, therefore, deny those allegations.

9.       Qwest Defendants admit, on information and belief, that Defendant TDS Telecommunications Corporation is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 9 of the Complaint and, therefore, deny those allegations.

10.      Qwest Defendants admit, on information and belief, that Defendant TDS Metrocom, LLC is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 10 of the Complaint and, therefore, deny those allegations.

11.      Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 11 of the Complaint and, therefore, deny those allegations.

12.      Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 12 of the Complaint and, therefore, deny those allegations.

13.      Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 13 of the Complaint and, therefore, deny those allegations.

3

14.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 14 of the Complaint and, therefore, deny those allegations.

15.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 15 of the Complaint and, therefore, deny those allegations.

16.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 16 of the Complaint and, therefore, deny those allegations.

17.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 17 of the Complaint and, therefore, deny those allegations.

18.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 18 of the Complaint and, therefore, deny those allegations.

19.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 19 of the Complaint and, therefore, deny those allegations.

20.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 20 of the Complaint and, therefore, deny those allegations.

4

21.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy if the allegations in paragraph 21 of the Complaint and, therefore, deny those allegations.

22.     Qwest Defendants admit, on information and belief, that Defendant Charter Communications, Inc. is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 22 of the Complaint and, therefore, deny those allegations.

23.     Qwest Defendants admit, on information and belief, that Defendant Charter Communications Holding Company, LLC is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 23 of the Complaint and, therefore, deny those allegations.

24.     Qwest Defendants admit, on information and belief, that Defendant Charter Communications Operating, LLC is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 24 of the Complaint and, therefore, deny those allegations.

25.     Qwest Defendants admit, on information and belief, that Defendant Charter Communications Entertainment I, LLC is a Delaware corporation. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 3 of the Complaint and, therefore, deny those allegations.

26.     Qwest Defendants admit the allegations in paragraph 26.

27.     Qwest Defendants admit the allegations in subpart (a) of paragraph 27. Qwest Defendants deny as stated the allegations in subpart (b) of paragraph 27 but admit that there is an

5

indirect parent/subsidiary relationship between Qwest Wireless, L.L.C. and Qwest Communications International, Inc.

28.     Qwest Defendants admit the allegations in subpart (a) of paragraph 28. Qwest Defendants deny as stated the allegations in subpart (b) of paragraph 28 but admit that there is an indirect parent/subsidiary relationship between Qwest Communications Corporation and Qwest Communications International, Inc.

29.     Qwest Defendants admit the allegations in subpart (a) of paragraph 29. Qwest Defendants deny as stated the allegations in subpart (b) of paragraph 29 but admit that there is an indirect parent/subsidiary relationship between Qwest LD Corp. and Qwest Communications International, Inc.

30.     Qwest Defendants admit the allegations in subpart (a) of paragraph 30. Qwest Defendants deny as stated the allegations in subpart (b) of paragraph 30 but admit that there is an indirect parent/subsidiary relationship between Qwest Broadband Services, Inc. and Qwest Communications International, Inc.

31.     Qwest Defendants admit the allegations in subpart (a) of paragraph 31. Qwest Defendants deny as stated the allegations in subpart (b) of paragraph 31 but admit that there is an indirect parent/subsidiary relationship between Qwest Interprise America, Inc. and Qwest Communications International, Inc.

## JURISDICTION AND VENUE

32.     Qwest Defendants admit that the Complaint alleges claims arising under 35 U.S.C. §§ 101 *et seq.* and that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338(a).

6

33.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 33 of the Complaint and, therefore, deny those allegations.

34.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 34 of the Complaint and, therefore, deny those allegations.

35.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 35 of the Complaint and, therefore, deny those allegations.

36.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 36 of the Complaint and, therefore, deny those allegations.

37.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 37 of the Complaint and, therefore, deny those allegations.

38.     Qwest Defendants admit that they are subject to this Court's jurisdiction for the matters asserted in the Complaint.

39.     Qwest Defendants admit that venue is proper in this judicial district. To the extent the allegations in paragraph 39 refer to paragraphs 2-31 and 33-38, Qwest Defendants incorporate by reference their responses to those allegations. The remaining allegations state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the allegations.

7

## BACKGROUND

40.    Qwest Defendants deny that Mr. Katz is an "inventor" and further deny that he can be credited with any "inventions." Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 40 of the Complaint and, therefore, deny those allegations.

41.    Qwest Defendants deny that Mr. Katz is an "inventor" and further deny that he is responsible for any "innovations." Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 41 of the Complaint and, therefore, deny those allegations.

42.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 42 of the Complaint and, therefore, deny those allegations.

43.    Qwest Defendants deny that Mr. Katz is responsible for or can be credited with any "innovations," "inventions" or "advancements" in any field. By way of further response, Qwest Defendants deny that any "patentable" "inventions" are set for in the Complaint for which Mr. Katz may recover against Qwest Defendants. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 43 of the Complaint and, therefore, deny those allegations.

44.    Qwest Defendants admit that there are U.S. patents that list Mr. Katz as inventor. Qwest Defendants deny that Mr. Katz is responsible for any "inventions." Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 44 of the Complaint and, therefore, deny those allegations.

8

45.     Qwest Defendants deny that Mr. Katz is responsible for or can be said to have any "inventions." Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 45 of the Complaint and, therefore, deny those allegations.

46.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 46 of the Complaint and, therefore, deny those allegations.

47.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 47 of the Complaint and, therefore, deny those allegations.

48.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 48 of the Complaint and, therefore, deny those allegations.

49.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 49 of the Complaint and, therefore, deny those allegations.

50.     Qwest Defendants that Mr. Katz has any "inventions," let alone any "inventions" with "value" that can be recognized by the marketplace. Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the remaining allegations in paragraph 50 of the Complaint and, therefore, deny those allegations.

51.     To the extent the allegations in paragraph 51 are directed to defendants other than Qwest Defendants, Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of those allegations and therefore, deny those allegations.

9

Qwest Defendants deny that there are any "inventions" described in the patents-in-suit. Qwest

Defendants admit that they have not directly entered into a license for the patents-in-suit. The

remaining allegations in paragraph 51 are denied.

## THE ASSERTED PATENTS

52.     Qwest Defendants admit that U.S. Patent No. 4,792,968 (the "'968 patent") is

entitled "Statistical Analysis System for Use With Public Communication Facility" and that the

patent states on its face that it was issued on December 20, 1988. The remaining allegations in

paragraph 52 state conclusions of law to which no response is required; to the extent a response

is required, Qwest Defendants deny the remaining allegations in paragraph 52.

53.     Qwest Defendants admit that U.S. Patent No. 4,930,150 (the "'150 patent") is

entitled "Telephonic Interface Control System" and that the patent states on its face that it was

issued on May 29, 1990. The remaining allegations in paragraph 53 state conclusions of law to

which no response is required; to the extent a response is required, Qwest Defendants deny the

remaining allegations in paragraph 53.

54.     Qwest Defendants admit that U.S. Patent No. 4,939,773 (the "'773 patent") is

entitled "Multiple Party Telephone Control System" and that the patent states on its face that it

was issued on July 3, 1990. The remaining allegations in paragraph 54 state conclusions of law

to which no response is required; to the extent a response is required, Qwest Defendants deny the

remaining allegations in paragraph 54.

55.     Qwest Defendants admit that U.S. Patent No. 4,987,590 (the "'590 patent") is

entitled "Multiple Party Telephone Control System" and that the patent states on its face that it

was issued on January 22, 1991. The remaining allegations in paragraph 55 state conclusions of

10

law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 55.

56.     Qwest Defendants admit that U.S. Patent No. 5,128,984 (the "'984 patent") is entitled "Telephone Interface Call Processing System with Call Selectivity" and that the patent states on its face that it was issued on July 7, 1992. The remaining allegations in paragraph 56 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 56.

57.     Qwest Defendants admit that U.S. Patent No. 5,251,252 (the "'252 patent") is entitled "Telephone Interface Call Processing System With Call Selectivity" and that the patent states on its face that it was issued on October 5, 1993. The remaining allegations in paragraph 57 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 57.

58.     Qwest Defendants admit that U.S. Patent No. 5,297,197 (the "'197 patent") is entitled "Multiple Party Telephone Control System" and that the patent states on its face that it was issued on March 22, 1994. The remaining allegations in paragraph 58 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 58.

59.     Qwest Defendants admit that U.S. Patent No. 5,351,285 (the "'285 patent") is entitled "Multiple Format Telephonic Interface Control System" and that the patent states on its face that it was issued on September 27, 1994. The remaining allegations in paragraph 59 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 59.

11

60.    Qwest Defendants admit that U.S. Patent No. 5,442,688 (the "'688 patent") is entitled "Multiple Party Telephone Control System" and that the patent states on its face that it was issued on August 15, 1995. The remaining allegations in paragraph 60 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 60.

61.    Qwest Defendants admit that U.S. Patent No. 5,684,863 (the "'863 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on November 4, 1997. The remaining allegations in paragraph 61 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 61.

62.    Qwest Defendants admit that U.S. Patent No. 5,787,156 (the "'156 patent") is entitled "Telephonic-Interface Lottery System" and that the patent states on its face that it was issued on July 28, 1998. The remaining allegations in paragraph 62 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 62.

63.    Qwest Defendants admit that U.S. Patent No. 5,815,551 (the "'551 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on September 29, 1998. The remaining allegations in paragraph 63 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 63.

64.    Qwest Defendants admit that U.S. Patent No. 5,828,734 (the "'734 patent") is entitled "Telephone Interface Call Processing System With Call Selectivity" and that the patent states on its face that it was issued on October 27, 1998. The remaining allegations in paragraph

12

64 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 64.

65.    Qwest Defendants admit that U.S. Patent No. 5,835,576 (the "'576 patent") is entitled "Telephonic-Interface Lottery Device" and that the patent states on its face that it was issued on November 10, 1998. The remaining allegations in paragraph 65 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 65.

66.    Qwest Defendants admit that U.S. Patent No. 5,898,762 (the "'762 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on April 27, 1999. The remaining allegations in paragraph 66 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 66.

67.    Qwest Defendants admit that U.S. Patent No. 5,917,893 (the "'893 patent") is entitled "Multiple Format Telephonic Interface Control System" and that the patent states on its face that it was issued on June 29, 1999. The remaining allegations in paragraph 67 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 67.

68.    Qwest Defendants admit that U.S. Patent No. 5,974,120 (the "'120 patent") is entitled "Telephone Interface Call Processing System With Call Selectivity" and that the patent states on its face that it was issued on October 26, 1999. The remaining allegations in paragraph 68 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 68.

13

69.    Qwest Defendants admit that U.S. Patent No. 6,035,021 (the "'021 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on March 7, 2000. The remaining allegations in paragraph 69 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 69.

70.    Qwest Defendants admit that U.S. Patent No. 6,148,065 (the "'065 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on November 14, 2000. The remaining allegations in paragraph 70 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 70.

71.    Qwest Defendants admit that U.S. Patent No. 6,335,965 (the "'965 patent") is entitled "Voice-Data Telephonic Interface Control System" and that the patent states on its face that it was issued on January 1, 2002. The remaining allegations in paragraph 71 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 71.

72.    Qwest Defendants admit that U.S. Patent No. 6,349,134 (the "'134 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on February 19, 2002. The remaining allegations in paragraph 72 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 72.

73.    Qwest Defendants admit that U.S. Patent No. 6,424,703 (the "'703 patent") is entitled "Telephonic-Interface Lottery System" and that the patent states on its face that it was issued on July 23, 2002. The remaining allegations in paragraph 73 state conclusions of law to

14

which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 73.

74.    Qwest Defendants admit that U.S. Patent No. 6,434,223 (the "'223 patent") is entitled "Telephone Interface Call Processing System With Call Selectivity" and that the patent states on its face that it was issued on August 13, 2002. The remaining allegations in paragraph 74 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 74.

75.    Qwest Defendants admit that U.S. Patent No. 6,449,346 (the "'346 patent") is entitled "Telephone-Television Interface Statistical Analysis System" and that the patent states on its face that it was issued on September 10, 2002. The remaining allegations in paragraph 75 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 75.

76.    Qwest Defendants admit that U.S. Patent No. 6,512,415 (the "'415 patent") is entitled "Telephonic-Interface Game Control System" and that the patent states on its face that it was issued on January 28, 2003. The remaining allegations in paragraph 76 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 76.

77.    Qwest Defendants admit that U.S. Patent No. 6,678,360 (the "'360 patent") is entitled "Telephonic-Interface Statistical Analysis System" and that the patent states on its face that it was issued on January 13, 2004. The remaining allegations in paragraph 77 state conclusions of law to which no response is required; to the extent a response is required, Qwest Defendants deny the remaining allegations in paragraph 77.

**FIRST CLAIM**
**(PATENT INFRINGEMENT BY TIME WARNER CABLE DEFENDANTS)**

78.    Qwest Defendants incorporate their responses to paragraphs 1-77 as if fully set forth herein.

79.    The allegations in paragraph 79 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required.  Insofar as the allegations in paragraph 79 may be deemed to apply to Qwest Defendants, they are denied.

80.    The allegations in paragraph 80 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required.  Insofar as the allegations in paragraph 80 may be deemed to apply to Qwest Defendants, they are denied.

81.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 81 of the Complaint and, therefore, deny those allegations.

82.    The allegations in paragraph 82 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required.  Insofar as the allegations in paragraph 82 may be deemed to apply to Qwest Defendants, they are denied.

83.    The allegations in paragraph 83 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required.  Insofar as the allegations in paragraph 83 may be deemed to apply to Qwest Defendants, they are denied.

84.    The allegations in paragraph 84 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required.  Insofar as the allegations in paragraph 84 may be deemed to apply to Qwest Defendants, they are denied.

RLF1-3072510-2

85.    The allegations in paragraph 85 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 85 may be deemed to apply to Qwest Defendants, they are denied.

## SECOND CLAIM
## (PATENT INFRINGEMENT BY AOL DEFENDANTS)

86.    Qwest Defendants incorporate their responses to paragraphs 1-77 as if fully set forth herein.

87.    The allegations in paragraph 87 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 87 may be deemed to apply to Qwest Defendants, they are denied.

88.    The allegations in paragraph 88 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 88 may be deemed to apply to Qwest Defendants, they are denied.

89.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 89 of the Complaint and, therefore, deny those allegations.

90.    The allegations in paragraph 90 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 90 may be deemed to apply to Qwest Defendants, they are denied.

91.    The allegations in paragraph 91 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 91 may be deemed to apply to Qwest Defendants, they are denied.

RLF1-3072510-2

92.     The allegations in paragraph 92 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 92 may be deemed to apply to Qwest Defendants, they are denied.

93.     The allegations in paragraph 93 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 93 may be deemed to apply to Qwest Defendants, they are denied.

## THIRD CLAIM
### (PATENT INFRINGEMENT BY TDS DEFENDANTS)

94.     Qwest Defendants incorporate their responses to paragraphs 1-77 as if fully set forth herein.

95.     The allegations in paragraph 95 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 95 may be deemed to apply to Qwest Defendants, they are denied.

96.     The allegations in paragraph 96 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 96 may be deemed to apply to Qwest Defendants, they are denied.

97.     Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 97 of the Complaint and, therefore, deny those allegations.

98.     The allegations in paragraph 98 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 98 may be deemed to apply to Qwest Defendants, they are denied.

18

99.    The allegations in paragraph 99 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 99 may be deemed to apply to Qwest Defendants, they are denied.

100.    The allegations in paragraph 100 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 100 may be deemed to apply to Qwest Defendants, they are denied.

101.    The allegations in paragraph 101 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 101 may be deemed to apply to Qwest Defendants, they are denied.

## FOURTH CLAIM
## (PATENT INFRINGEMENT BY CABLEVISION DEFENDANTS)

102.    Qwest Defendants hereby incorporate their responses to paragraphs 1-77 as if fully set forth herein.

103.    The allegations in paragraph 103 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 103 may be deemed to apply to Qwest Defendants, they are denied.

104.    The allegations in paragraph 104 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 104 may be deemed to apply to Qwest Defendants, they are denied.

105.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 105 of the Complaint and, therefore, deny those allegations.

19

106.    The allegations in paragraph 106 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 106 may be deemed to apply to Qwest Defendants, they are denied.

107.    The allegations in paragraph 107 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 107 may be deemed to apply to Qwest Defendants, they are denied.

108.    The allegations in paragraph 108 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 108 may be deemed to apply to Qwest Defendants, they are denied.

109.    The allegations in paragraph 109 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 109 may be deemed to apply to Qwest Defendants, they are denied.

## FIFTH CLAIM
### (PATENT INFRINGEMENT BY CHARTER COMMUNICATIONS DEFENDANTS)

110.    Qwest Defendants hereby incorporate their responses to paragraphs 1-77 as if fully set forth herein.

111.    The allegations in paragraph 111 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 111 may be deemed to apply to Qwest Defendants, they are denied.

112.    The allegations in paragraph 112 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 112 may be deemed to apply to Qwest Defendants, they are denied.

RLF1-3072510-2

113.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 113 of the Complaint and, therefore, deny those allegations.

114.    The allegations in paragraph 114 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 114 may be deemed to apply to Qwest Defendants, they are denied.

115.    The allegations in paragraph 115 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 115 may be deemed to apply to Qwest Defendants, they are denied.

116.    The allegations in paragraph 116 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 116 may be deemed to apply to Qwest Defendants, they are denied.

117.    The allegations in paragraph 117 of the Complaint are not directed to the Qwest Defendants and, therefore, no responsive pleading is required. Insofar as the allegations in paragraph 117 may be deemed to apply to Qwest Defendants, they are denied.

## SIXTH CLAIM
### (PATENT INFRINGEMENT BY QWEST DEFENDANTS)

118.    Qwest Defendants hereby incorporate their responses to paragraphs 1-77 as if fully set forth herein.

119.    Qwest Defendants admit the allegations in paragraph 119 of the Complaint.

120.    Qwest Defendants specifically deny that they engage in any activity that infringes the patents-in-suit. Qwest Defendants admit that they offer some of the services listed in the second sentence of paragraph 120 of the Complaint to their customers. The remaining allegations in paragraph 120 are denied.

21

121.    Qwest Defendants are without sufficient knowledge or information to form a belief as to the truth or accuracy of the allegations in paragraph 121 of the Complaint and, therefore, deny those allegations.

122.    Qwest Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Qwest Defendants deny the allegations in paragraph 123 of the Complaint.

124.    Qwest Defendants deny the allegations in paragraph 124 of the Complaint.

125.    Qwest Defendants deny the allegations in paragraph 125 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are invalid for failure to meet one or more of the requisite conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

## SECOND AFFIRMATIVE DEFENSE

The Qwest Defendants have not infringed, contributed to infringement of, and/or induced others to infringe the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and/or '984 patents.

## THIRD AFFIRMATIVE DEFENSE

The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and/or '984 patents are unenforceable against Qwest Defendants because of the doctrines of estoppel, waiver, laches, acquiescence, prosecution laches, and/or any other applicable equitable doctrines.

22

## FOURTH AFFIRMATIVE DEFENSE

The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590,

'688, '703, '734, '762, '773, '863, '893, '965, '968, and/or '984 patents are invalid and/or

unenforceable to the extent Katz is seeking damages, royalties or other relief for services that are

licensed under the patents-in-suit.

## FIFTH AFFIRMATIVE DEFENSE

Katz's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

The claims against Qwest Defendants are barred pursuant to 35 U.S.C. § 286 to the extent

they seek damages for events occurring more than six years prior to the filing of the Complaint.

## COUNTERCLAIM

Counterclaim Plaintiffs Qwest Communications International, Inc., Qwest Wireless,

L.L.C., Qwest Communications Corporation, Qwest LD Corp., Qwest Broadband Services, Inc.

and Qwest Interprise America, Inc. (collectively, the "Qwest Counterclaim Plaintiffs"), by and

through their attorneys, Richards, Layton & Finger, P.A., as and for their Counterclaim to

Plaintiff Ronald A. Katz Technology Licensing, L.P.'s Complaint for Patent Infringement hereby

allege as follows:

1.      Qwest Communications International, Inc. is a Delaware corporation with its

principal place of business at 1801 California Street, Denver, Colorado 80202.

2.      Qwest Wireless, L.L.C. is a Delaware corporation with its principal place of

business at 1801 California Street, Denver, Colorado 80202.

3.      Qwest Communications Corporation is a Delaware corporation with its principal

place of business at 1801 California Street, Denver, Colorado 80202.

23

4.     Qwest LD Corp. is a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202.

5.     Qwest Broadband Services, Inc. is a Delaware corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202.

6.     Qwest Interprise America, Inc. is a Colorado corporation with its principal place of business at 1801 California Street, Denver, Colorado 80202.

7.     Ronald A. Katz Technology Licensing, L.P. ("Katz") purports to be a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069.

8.     These counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202, and for noninfringement and invalidity under the patent laws of the United States, 35 U.S.C. § 101, *et seq.*

9.     Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a) and 2201.

10.     Personal jurisdiction and venue are proper in this district because Plaintiff filed suit against Qwest Defendants in this district.

### COUNT I

11.     Qwest Counterclaim Plaintiffs hereby incorporate the allegations in paragraphs 1-10 as if fully set forth herein.

12.     An actual controversy exists between Qwest Counterclaim Plaintiffs and Katz over the alleged infringement of the United States Patent Nos. 4,792,968 (the "'968 patent"), 4,930,150 (the "'150 patent"), 4,939,773 (the "'773 patent"), 4,987,590 (the "'590 patent"), 5,128,984 (the "'984 patent"), 5,251,252 (the "'252 patent"), 5,297,197 (the "'197 patent"), 5,351,285 (the "'285 patent"), 5,442,688 (the "'688 patent"), 5,684,863 (the "'863 patent"),

24

5,787,156 (the "'156 patent"), 5,815,551 (the "'551 patent"), 5,828,734 (the "'734 patent"),

5,835,576 (the "'576 patent"), 5,898,762 (the "'762 patent"), 5,917,892 (the "'893 patent"),

5,974,120 (the "'120 patent"), 6,035,021 (the "'021 patent"), 6,148,065 (the "'065 patent"),

6,335,965 (the "'965 patent"), 6,349,134 (the "'134 patent"), 6,424,703 (the "'703 patent"),

6,434,223 (the "'223 patent"), 6,449,346 (the "'346 patent"), 6,512,415 (the "'415 patent") and

6,678,360 (the "'360 patent").

13.    Qwest Counterclaim Plaintiffs do not infringe, contributorily infringe, or induce

the infringement of any valid claim of the '021, '065, '120, '134, '150, '156, '197, '223, '252,

'285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, or '984 patents

either by literal infringement or by infringement under the doctrine of equivalents.

## COUNT II

14.    Qwest Counterclaim Plaintiffs hereby incorporate the allegations in paragraphs 1-

13 as if fully set forth herein.

15.    An actual controversy exists between Qwest Counterclaim Plaintiffs and Katz

over the validity of the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551,

'576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents.

16.    The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576,

'590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are invalid for failing

to meet the patentability requirements set forth in 35 U.S.C. § 102.

17.    The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576,

'590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are invalid for failure

to meet the patentability requirements set forth in 35 U.S.C. § 103.

18.    The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are invalid for failure to meet the patentability requirements set forth in 35 U.S.C. § 112.

19.    The '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are invalid for failure to meet one or more conditions of patentability specified in Part II of Title 35 of the United States Code.

### PRAYER FOR RELIEF

WHEREFORE, Qwest Defendants respectfully request that this Court enter judgment:

A.    dismissing the Complaint with prejudice;

B    declaring that Qwest Defendants have not infringed, contributed to infringement of, and/or induced others to infringe each of the claims of the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents;

C.    declaring that the each of the claims of the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are invalid;

D.    declaring that each of the claims of the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents are unenforceable against Qwest Defendants because of the doctrines of estoppel, waiver, laches, acquiescence, prosecution laches, and/or any other applicable equitable doctrine;

E.    declaring that this case is exceptional and awarding Qwest Defendants their attorneys' fees and costs under 35 U.S.C. § 285 and any other damages that may be proven;

26

F.     awarding Qwest Defendants their costs and disbursements, including pre-judgment and post-judgment interest, incurred in this action; and

G.     granting such other and further relief as the Court deems just and proper.

Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Jeffrey L. Moyer (#3309)
Moyer@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Matthew W. King (#4566)
King@rlf.com
Richards, Layton and Finger, P.A.
One Rodney Square
Wilmington, DE  19801
(302) 651-7700

Attorneys for Qwest Communications
International Inc., Qwest Wireless, L.L.C.,
Qwest Communications Corporation, Qwest LD
Corp., Qwest Broadband Services, Inc., and
Qwest Interprise America, Inc.

Dated:  October 26, 2006

27

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2006, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and

which has also been served as noted:

### BY HAND DELIVERY

Frederick L. Cottrell, III
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899

Mary B. Graham
Julia Heaney
Benjamin J. Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE 19899-1347

I hereby certify that on October 26, 2006, the foregoing document was sent to the

following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

Patrick J. Flinn
Kristen L. Melton
Jeffrey A. Cooper
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

David Maxwell
William R. Hubbard
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

Angela Payne James
Cherri Gregg
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

Blas P. Arroyo
Alston & Bird LLP
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC 28280-4000

John W. Kozak
Steven P. Petersen
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL 60601

Josh Krevitt
Charles J. Boudreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, NY 10166-0193

1

Robert T. Haslam
Andrew C. Byrnes
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025-3506

Michael K. Plimack
Dale A. Rice
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA  94104-2878

Jeffrey S. Standley
James L. Kwak
F. Michael Speed, Jr.
Standley Law Group LLP
495 Metro Place South, Suite 210
Dublin, OH 43017

Jeffrey L. Moyer (#3309)
moyer@rlf.com

2