IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY<br>LICENSING, L.P.,<br><br>       Plaintiff,<br><br>       v.<br><br>TIME WARNER CABLE INC.; TIME WARNER<br>NY CABLE LLC; TIME WARNER<br>ENTERTAINMENT COMPANY, L.P.; AOL LLC;<br>COMPUSERVE INTERACTIVE SERVICES, INC.;<br>NETSCAPE COMMUNICATIONS<br>CORPORATION; UNITED STATES CELLULAR<br>CORPORATION; TDS TELECOMMUNICATIONS<br>CORPORATION; TDS METROCOM, LLC;<br>CABLEVISION SYSTEMS CORPORATION; CSC<br>HOLDINGS, INC.; CABLEVISION SYSTEMS NEW<br>YORK CITY CORPORATION; CABLEVISION OF<br>BROOKHAVEN, INC.; CABLEVISION OF<br>CONNECTICUT CORPORATION; CABLEVISION<br>OF HUDSON COUNTY, INC.; CABLEVISION OF<br>LITCHFIELD, INC.; CABLEVISION OF<br>MONMOUTH, INC.; CABLEVISION OF NEW<br>JERSEY, INC.; CABLEVISION OF OAKLAND,<br>LLC; CABLEVISION OF ROCKLAND/RAMAPO,<br>LLC; CHARTER COMMUNICATIONS, INC.;<br>CHARTER COMMUNICATIONS HOLDING<br>COMPANY, LLC; CHARTER COMMUNICATIONS<br>OPERATING, LLC; CHARTER<br>COMMUNICATIONS ENTERTAINMENT I, LLC;<br>QWEST COMMUNICATIONS INTERNATIONAL<br>INC.; QWEST WIRELESS, L.L.C.; QWEST<br>COMMUNICATIONS CORPORATION; QWEST<br>LD CORP.; QWEST BROADBAND SERVICES,<br>INC.; QWEST INTERPRISE AMERICA, INC.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 06-546-GMS<br><br>JURY TRIAL DEMANDED |

## CABLEVISION DEFENDANTS' ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'s COMPLAINT

Defendants Cablevision Systems Corporation, CSC Holdings, Inc., Cablevision Systems

New York City Corporation, Cablevision of Brookhaven, Inc., Cablevision of Connecticut

Corporation, Cablevision of Hudson County, Inc., Cablevision of Litchfield, Inc., Cablevision of

Monmouth, Inc., Cablevision of New Jersey, Inc., Cablevision of Oakland, LLC; and Cablevision

of Rockland/Ramapo, LLC (collectively "Cablevision"), by their attorneys, answer the Complaint

as follows:

## THE PARTIES

1.    Cablevision lacks knowledge or information sufficient to form a belief as to the

allegations of Paragraph 1 of the Complaint, and therefore denies these allegations.

2.    The allegations of Paragraph 2 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

3.    The allegations of Paragraph 3 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

4.    The allegations of Paragraph 4 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

5.    The allegations of Paragraph 5 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

6.    The allegations of Paragraph 6 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

7.    The allegations of Paragraph 7 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

8.    The allegations of Paragraph 8 of the Complaint do not relate to Cablevision, and

on that basis Cablevision denies these allegations.

9.    The allegations of Paragraph 9 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

10.    The allegations of Paragraph 10 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

11.    Cablevision admits that Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

12.    Cablevision admits that CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and is a subsidiary of Cablevision Systems Corporation.

13.    Cablevision admits that Cablevision Systems New York City Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and is a subsidiary of Cablevision Systems Corporation.

14.    Cablevision admits that Cablevision of Brookhaven, Inc. is a Delaware corporation and is a subsidiary of Cablevision Systems Corporation.  Cablevision of Brookhaven, Inc. has its principal place of business at 11-12 Industrial Avenue, Port Jefferson, New York 11776.  Except as specifically admitted, Cablevision denies the allegations of Paragraph 14 of the Complaint.

15.    Cablevision admits that Cablevision of Connecticut Corporation is a Delaware corporation with its principal place of business at 28 Cross Street, Norwalk, Connecticut 06851, and is a subsidiary of Cablevision Systems Corporation.

3

16.     Cablevision admits that Cablevision of Hudson County, Inc. is a Delaware corporation with its principal place of business at 360 First Street, Hoboken, New Jersey 07030, and is a subsidiary of Cablevision Systems Corporation.

17.     Cablevision admits that Cablevision of Litchfield, Inc. is a Delaware corporation with its principal place of business at 622 Torrington Road, Litchfield, Connecticut 06759, and is a subsidiary of Cablevision Systems Corporation.

18.     Cablevision admits that Cablevision of Monmouth, Inc. is a Delaware corporation with its principal place of business at 1501 Eighteenth Avenue, Belmar, New Jersey 07719, and is a subsidiary of Cablevision Systems Corporation.

19.     Cablevision admits that Cablevision of New Jersey, Inc. is a Delaware corporation with its principal place of business at 5 Legion Drive, Cresskill, New Jersey 07626, and is a subsidiary of Cablevision Systems Corporation.

20.     Cablevision admits that Cablevision of Oakland, LLC is a Delaware corporation and is a subsidiary of Cablevision Systems Corporation. Cablevision of Oakland, LLC has its principal place of business at 40 Potash Road, Oakland, New Jersey 07436. Except as specifically admitted, Cablevision denies the allegations of Paragraph 20 of the Complaint.

21.     Cablevision admits that Cablevision of Rockland/Ramapo, LLC is a Delaware corporation and is a subsidiary of Cablevision Systems Corporation. Cablevision of Rockland/Ramapo, LLC has its principal place of business at 235 West Nyack Road, West Nyack, New York 10994. Except as specifically admitted, Cablevision denies the allegations of Paragraph 21 of the Complaint.

22.     The allegations of Paragraph 22 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

4

23.    The allegations of Paragraph 23 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

24.    The allegations of Paragraph 24 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

25.    The allegations of Paragraph 25 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

26.    The allegations of Paragraph 26 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

27.    The allegations of Paragraph 27 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

28.    The allegations of Paragraph 28 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

29.    The allegations of Paragraph 29 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

30.    The allegations of Paragraph 30 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

31.    The allegations of Paragraph 31 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

### JURISDICTION AND VENUE

32.    Cablevision admits that the Complaint purports to bring an action for patent infringement arising under the Patent Laws of the United States and that this Court has jurisdiction over the subject matter of the Complaint, but Cablevision denies the legal sufficiency of Plaintiff's claims and allegations and denies that Plaintiff has any viable claim thereunder.

5

33.    The allegations of Paragraph 33 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

34.    The allegations of Paragraph 34 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

35.    The allegations of Paragraph 35 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

36.    Cablevision admits that it has designated an agent for service of process in the state of Delaware and that it is subject to personal jurisdiction in this District, but denies the legal sufficiency of Plaintiff's claims and allegations.

37.    The allegations of Paragraph 37 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

38.    The allegations of Paragraph 38 of the Complaint do not relate to Cablevision, and on that basis Cablevision denies these allegations.

39.    To the extent that the allegations in Paragraph 39 of the Complaint relate to Cablevision, Cablevision admits that venue is proper in this judicial district, but denies the legal sufficiency of Plaintiff's claims and allegations.  Cablevision otherwise lacks knowledge or information sufficient to form a belief as to allegations of Paragraph 39 of the Complaint, and therefore denies these allegations.

## BACKGROUND

40.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 40 of the Complaint, and therefore denies these allegations.

41.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 41 of the Complaint, and therefore denies these allegations.

6

42.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 42 of the Complaint, and therefore denies these allegations.

43.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 43 of the Complaint, and therefore denies these allegations.

44.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 44 of the Complaint, and therefore denies these allegations.

45.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 45 of the Complaint, and therefore denies these allegations.

46.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 46 of the Complaint, and therefore denies these allegations.

47.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 47 of the Complaint, and therefore denies these allegations.

48.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 48 of the Complaint, and therefore denies these allegations.

49.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 49 of the Complaint, and therefore denies these allegations.

50.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 50 of the Complaint, and therefore denies these allegations.

51.     To the extent that the allegations of Paragraph 51 of the Complaint relate to Cablevision, Cablevision denies those allegations. Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 51 of the Complaint, and therefore denies these allegations.

7

## THE ASSERTED PATENTS

52.    Cablevision admits that U.S. Patent No. 4,792,968 ("the '968 patent") states that it issued on December 20, 1988, that the '968 patent on its face lists Ronald A. Katz as the inventor, and that the '968 patent is titled "Statistical Analysis System For Use With Public Communication Facility." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 52 of the Complaint, and therefore denies those allegations.

53.    Cablevision admits that U.S. Patent No. 4,930,150 ("the '150 patent") states that it issued on May 29, 1990, that the '150 patent on its face lists Ronald A. Katz as the inventor, and that the '150 patent is titled "Telephonic Interface Control System," and lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 53 of the Complaint, and therefore denies those allegations.

54.    Cablevision admits that U.S. Patent No. 4,939,773 ("the '773 patent") states that it issued on July 3, 1990, that the '773 patent on its face lists Ronald A. Katz as the inventor, and that the '773 patent is titled "Multiple Party Telephone Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 54 of the Complaint, and therefore denies those allegations.

55.    Cablevision admits that U.S. Patent No. 4,987,590 ("the '590 patent") states that it issued on January 22, 1991, that the '590 patent on its face lists Ronald A. Katz as the inventor, and that the '590 patent is titled "Multiple Party Telephone Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 55 of the Complaint, and therefore denies those allegations.

56.     Cablevision admits that U.S. Patent No. 5,128,984 ("the '984 patent") states that it issued on July 7, 1992, that the '984 patent on its face lists Ronald A. Katz as the inventor, and that the '984 patent is titled "Telephone Interface Call Processing System With Call Selectivity." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 56 of the Complaint, and therefore denies those allegations.

57.     Cablevision admits that U.S. Patent No. 5,251,252 ("the '252 patent") states that it issued on October 5, 1993, that the '252 patent on its face lists Ronald A. Katz as the inventor, and that the '252 patent is titled "Telephone Interface Call Processing System With Call Selectivity." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 57 of the Complaint, and therefore denies those allegations.

58.     Cablevision admits that U.S. Patent No. 5,297,197 ("the '197 patent") states that it issued on March 22, 1994, that the '197 patent on its face lists Ronald A. Katz as the inventor, and that the '197 patent is titled "Multiple Party Telephone Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 58 of the Complaint, and therefore denies those allegations.

59.     Cablevision admits that U.S. Patent No. 5,351,285 ("the '285 patent") states that it issued on September 27, 1994, that the '285 patent on its face lists Ronald A. Katz as the inventor, and that the '285 patent is titled "Multiple Format Telephonic Interface Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 59 of the Complaint, and therefore denies those allegations.

9

60.     Cablevision admits that U.S. Patent No. 5,442,688 ("the '688 patent") states that it issued on August 15, 1995, that the '688 patent on its face lists Ronald A. Katz as the inventor, and that the '688 patent is titled "Multiple Party Telephone Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 60 of the Complaint, and therefore denies those allegations.

61.     Cablevision admits that U.S. Patent No. 5,684,863 ("the '863 patent") states that it issued on November 4, 1997, that the '863 patent on its face lists Ronald A. Katz as the inventor, and that the '863 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 61 of the Complaint, and therefore denies those allegations.

62.     Cablevision admits that U.S. Patent No. 5,787,156 ("the '156 patent") states that it issued on July 28, 1998, that the '156 patent on its face lists Ronald A. Katz as the inventor, and that the '156 patent is titled "Telephonic-Interface Lottery System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 62 of the Complaint, and therefore denies those allegations.

63.     Cablevision admits that U.S. Patent No. 5,815,551 ("the '551 patent") states that it issued on September 29, 1998, that the '551 patent on its face lists Ronald A. Katz as the inventor, and that the '551 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 63 of the Complaint, and therefore denies those allegations.

64.     Cablevision admits that U.S. Patent No. 5,828,734 ("the '734 patent") states that it issued on October 27, 1998, that the '734 patent on its face lists Ronald A. Katz as the inventor, and that the '734 patent is titled "Telephone Interface Call Processing System With Call

10

Selectivity." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 64 of the Complaint, and therefore denies those allegations.

65. Cablevision admits that U.S. Patent No. 5,835,576 ("the '576 patent") states that it issued on November 10, 1998, that the '576 patent on its face lists Ronald A. Katz as the inventor, and that the '576 patent is titled "Telephonic-Interface Lottery System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 65 of the Complaint, and therefore denies those allegations.

66. Cablevision admits that U.S. Patent No. 5,898,762 ("the '762 patent") states that it issued on April 27, 1999, that the '762 patent on its face lists Ronald A. Katz as the inventor, and that the '762 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 66 of the Complaint, and therefore denies those allegations.

67. Cablevision admits that U.S. Patent No. 5,917,893 ("the '893 patent") states that it issued on June 29, 1999, that the '893 patent on its face lists Ronald A. Katz as the inventor, and that the '893 patent is titled "Multiple Format Telephonic Interface Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 67 of the Complaint, and therefore denies those allegations.

68. Cablevision admits that U.S. Patent No. 5,974,120 ("the '120 patent") states that it issued on October 26, 1999, that the '120 patent on its face lists Ronald A. Katz as the inventor, and that the '120 patent is titled "Telephone Interface Call Processing System With Call Selectivity." Cablevision otherwise lacks knowledge or information sufficient to form a belief as

11

to the remaining allegations of Paragraph 68 of the Complaint, and therefore denies those allegations.

69.     Cablevision admits that U.S. Patent No. 6,035,021 ("the '021 patent") states that it issued on March 7, 2000, that the '021 patent on its face lists Ronald A. Katz as the inventor, and that the '021 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 69 of the Complaint, and therefore denies those allegations.

70.     Cablevision admits that U.S. Patent No. 6,148,065 ("the '065 patent") states that it issued on November 14, 2000, that the '065 patent on its face lists Ronald A. Katz as the inventor, and that the '065 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 70 of the Complaint, and therefore denies those allegations.

71.     Cablevision admits that U.S. Patent No. 6,335,965 ("the '965 patent") states that it issued on January 1, 2002, that the '965 patent on its face lists Ronald A. Katz as the inventor, and that the '965 patent is titled "Voice-Data Telephonic Interface Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 71 of the Complaint, and therefore denies those allegations.

72.     Cablevision admits that U.S. Patent No. 6,349,134 ("the '134 patent") states that it issued on February 19, 2002, that the '134 patent on its face lists Ronald A. Katz as the inventor, and that the '134 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 72 of the Complaint, and therefore denies those allegations.

73.    Cablevision admits that U.S. Patent No. 6,424,703 ("the '703 patent") states that it issued on July 23, 2002, that the '703 patent on its face lists Ronald A. Katz as the inventor, and that the '703 patent is titled "Telephonic-Interface Lottery System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 73 of the Complaint, and therefore denies those allegations.

74.    Cablevision admits that U.S. Patent No. 6,434,223 ("the '223 patent") states that it issued on August 13, 2002, that the '223 patent on its face lists Ronald A. Katz as the inventor, and that the '223 patent is titled "Telephone Interface Call Processing System With Call Selectivity." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 74 of the Complaint, and therefore denies those allegations.

75.    Cablevision admits that U.S. Patent No. 6,449,346 ("the '346 patent") states that it issued on September 10, 2002, that the '346 patent on its face lists Ronald A. Katz as the inventor, and that the '346 patent is titled "Telephone-Television Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 75 of the Complaint, and therefore denies those allegations.

76.    Cablevision admits that U.S. Patent No. 6,512,415 ("the '415 patent") states that it issued on January 28, 2003, that the '415 patent on its face lists Ronald A. Katz as the inventor, and that the '415 patent is titled "Telephonic-Interface Game Control System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 76 of the Complaint, and therefore denies those allegations.

77.    Cablevision admits that U.S. Patent No. 6,678,360 ("the '360 patent") states that it issued on January 13, 2004, that the '360 patent on its face lists Ronald A. Katz as the inventor, and that the '360 patent is titled "Telephonic-Interface Statistical Analysis System." Cablevision otherwise lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 77 of the Complaint, and therefore denies those allegations.

## FIRST CLAIM

78.    Cablevision incorporates its responses to Paragraphs 1-77 of the Complaint as if fully set forth herein.

79.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 79 of the Complaint, and therefore denies these allegations.

80.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 80 of the Complaint, and therefore denies these allegations.

81.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 81 of the Complaint, and therefore denies these allegations.

82.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 82 of the Complaint, and therefore denies these allegations.

83.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 83 of the Complaint, and therefore denies these allegations.

84.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 84 of the Complaint, and therefore denies these allegations.

85.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 85 of the Complaint, and therefore denies these allegations.

14

## SECOND CLAIM

86.    Cablevision incorporates its responses to Paragraphs 1-77 of the Complaint as if fully set forth herein.

87.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 87 of the Complaint, and therefore denies these allegations.

88.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 88 of the Complaint, and therefore denies these allegations.

89.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 89 of the Complaint, and therefore denies these allegations.

90.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 90 of the Complaint, and therefore denies these allegations.

91.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 91 of the Complaint, and therefore denies these allegations.

92.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 92 of the Complaint, and therefore denies these allegations.

93.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 93 of the Complaint, and therefore denies these allegations.

## THIRD CLAIM

94.    Cablevision incorporates its responses to Paragraphs 1-77 of the Complaint as if fully set forth herein.

95.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 95 of the Complaint, and therefore denies these allegations.

RLF1-3075635-1

96.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 96 of the Complaint, and therefore denies these allegations.

97.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 97 of the Complaint, and therefore denies these allegations.

98.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 98 of the Complaint, and therefore denies these allegations.

99.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 99 of the Complaint, and therefore denies these allegations.

100.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 100 of the Complaint, and therefore denies these allegations.

101.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 101 of the Complaint, and therefore denies these allegations.

## FOURTH CLAIM

102.    Cablevision incorporates its responses to Paragraphs 1-77 of the Complaint as if fully set forth herein.

103.    Cablevision admits that Cablevision Systems Corporation is a communications and entertainment company, and that one or more of its subsidiaries provides high-speed Internet access, digital cable television access, and feeds to certain national television networks. Except as specifically admitted, Cablevision denies the allegations of Paragraph 103 of the Complaint.

104.    Cablevision denies the allegations of the first sentence of Paragraph 104 of the Complaint. Except that Cablevision admits that one or more of the Cablevision Defendants allow customers to access information about their accounts, make credit card payments, order duplicate bills, and order pay-per-view programming using an automated system, in some

16

instances in connection with operators, Cablevision denies the remaining allegations of Paragraph 104 of the Complaint.

105.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 105 of the Complaint, and therefore denies these allegations.

106.    Cablevision denies the allegations of Paragraph 106 of the Complaint.

107.    Cablevision denies the allegations of Paragraph 107 of the Complaint.

108.    Cablevision denies the allegations of Paragraph 108 of the Complaint.

109.    Cablevision denies the allegations of Paragraph 109 of the Complaint.

## FIFTH CLAIM

110.    Cablevision incorporates its answers to paragraphs 1-77 of the Complaint as if fully set forth herein.

111.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 111 of the Complaint, and therefore denies these allegations.

112.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 112 of the Complaint, and therefore denies these allegations.

113.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 113 of the Complaint, and therefore denies these allegations.

114.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 114 of the Complaint, and therefore denies these allegations.

115.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 115 of the Complaint, and therefore denies these allegations.

116.    Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 116 of the Complaint, and therefore denies these allegations.

117.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 117 of the Complaint, and therefore denies these allegations.

## SIXTH CLAIM

118.     Cablevision incorporates its responses to Paragraphs 1-77 of the Complaint as if fully set forth herein.

119.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 119 of the Complaint, and therefore denies these allegations.

120.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 120 of the Complaint, and therefore denies these allegations.

121.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 121 of the Complaint, and therefore denies these allegations.

122.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 122 of the Complaint, and therefore denies these allegations.

123.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 123 of the Complaint, and therefore denies these allegations.

124.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 124 of the Complaint, and therefore denies these allegations.

125.     Cablevision lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 125 of the Complaint, and therefore denies these allegations.

126.     Except as specifically admitted, Cablevision denies each and every allegation contained in Paragraphs 1-125 of the Complaint.

RLF1-3075635-1

## AFFIRMATIVE DEFENSES

127.    Further answering the Complaint and as additional defenses thereto, Cablevision asserts the following affirmative defenses:

### FIRST DEFENSE

128.    Cablevision has not infringed and does not infringe any valid claim of the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, or '984 patents directly or indirectly.

### SECOND DEFENSE

129.    Each claim of the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

### THIRD DEFENSE

130.    Prosecution history estoppel applies to preclude Plaintiff from maintaining that any claim of the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and/or '984 patents covers any of the accused systems operated by Cablevision.

### FOURTH DEFENSE

131.    Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### FIFTH DEFENSE

132.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### SIXTH DEFENSE

133.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

19

### SEVENTH DEFENSE

134.    Plaintiff's claims are barred in whole or in part by express or implied license and/or the doctrine of patent exhaustion.

### EIGHTH DEFENSE

135.    To the extent Plaintiff seeks damages for alleged infringement more than six years prior to the filing of this action, the claims are barred by the statute of limitations pursuant to 35 U.S.C. § 286.

### NINTH DEFENSE

136.    To the extent Plaintiff seeks damages for any alleged infringement prior to its giving actual notice of the patents to Cablevision, its claims are barred pursuant to 35 U.S.C. § 287(a).

### TENTH DEFENSE

137.    Plaintiff's claims are barred in whole or in part because Plaintiff has engaged in patent misuse.

### ELEVENTH DEFENSE

138.    Plaintiff's claims are barred in whole or in part due to prosecution laches, because of unreasonable and unexplained delays in the prosecution of the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 patents.

### TWELFTH DEFENSE

139.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

20

## THIRTEENTH DEFENSE

140.    Plaintiff is not entitled to any injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

## FOURTEENTH DEFENSE

141.    Plaintiff's Complaint lacks subject matter jurisdiction.

## COUNTERCLAIMS

142.    Cablevision Systems Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

143.    CSC Holdings, Inc. is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and is a subsidiary of Cablevision Systems Corporation.

144.    Cablevision Systems New York City Corporation is a Delaware corporation with its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and is a subsidiary of Cablevision Systems Corporation.

145.    Cablevision of Brookhaven, Inc. is a Delaware corporation with its principal place of business at 11-12 Industrial Avenue, Port Jefferson, New York 11776, and is a subsidiary of Cablevision Systems Corporation.

146.    Cablevision of Connecticut Corporation is a Delaware corporation with its principal place of business at 28 Cross Street, Norwalk, Connecticut 06851, and is a subsidiary of Cablevision Systems Corporation.

21

147.    Cablevision of Hudson County, Inc. is a Delaware corporation with its principal place of business at 360 First Street, Hoboken, New Jersey 07030, and is a subsidiary of Cablevision Systems Corporation.

148.    Cablevision of Litchfield, Inc. is a Delaware corporation with its principal place of business at 622 Torrington Road, Litchfield, Connecticut 06759, and is a subsidiary of Cablevision Systems Corporation.

149.    Cablevision of Monmouth, Inc. is a Delaware corporation with its principal place of business at 1501 Eighteenth Avenue, Belmar, New Jersey 07719, and is a subsidiary of Cablevision Systems Corporation.

150.    Cablevision of New Jersey, Inc. is a Delaware corporation with its principal place of business at 5 Legion Drive, Cresskill, New Jersey 07626, and is a subsidiary of Cablevision Systems Corporation.

151.    Cablevision of Oakland, LLC is a Delaware corporation with its principal place of business at 40 Potash Road, Oakland, New Jersey 07436, and is a subsidiary of Cablevision Systems Corporation.

152.    Cablevision of Rockland/Ramapo, LLC is a Delaware corporation with its principal place of business at 235 West Nyack Road, West Nyack, New York 10994, and is a subsidiary of Cablevision Systems Corporation.

153.    Upon information and belief, Counter-Defendant Ronald A. Katz Technology Licensing, L.P. is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 60069.

22

154.    These counterclaims arise under federal law, and this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

155.    Venue is proper under 28 U.S.C. § 1400(b).

156.    Plaintiff has asserted that Cablevision infringes the '968, '150, '984, '252, '285, '863, '551, '734, '762, '893, '120, '065, '965, '703, '223, '346, '415, and '360 patents (collectively "the patents-in-suit"). An actual controversy exists between Plaintiff and Cablevision over the alleged infringement, invalidity, and unenforceability of the '968, '150, '984, '252, '285, '863, '551, '734, '762, '893, '120, '065, '965, '703, '223, '346, '415, and '360 patents

### FIRST COUNTERCLAIM

157.    Cablevision incorporates and realleges Paragraphs 1 through 156 as though fully set forth herein.

158.    Cablevision has not infringed and does not directly or indirectly infringe any valid, enforceable claim of the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 patents, either literally or under the doctrine of equivalents.

### SECOND COUNTERCLAIM

159.    Cablevision incorporates and realleges Paragraphs 1 through 158 as though fully set forth herein.

160.    The '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 patents are invalid for failing to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.

## DEMAND FOR A JURY TRIAL

Cablevision demands a jury trial, pursuant to Fed. R. Civ. P. 38(b), on all counterclaims and as to all issues that may be tried by a jury.

## PRAYER FOR RELIEF

FOR THESE REASONS, Cablevision respectfully requests that this Court enter judgment in its favor and grant the following relief:

a.      An order declaring that Plaintiff, its officers, directors, agents, servants, employees, and attorneys, and those persons in active concert with it, take nothing on the claims asserted in the Complaint.

b.      A declaration that Cablevision does not infringe any of the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 patents;

c.      A declaration that the '065, '120, '150, '223, '252, '285, '346, '360, '415, '551, '703, '734, '762, '863, '893, '965, '968, and '984 patents are invalid and/or unenforceable;

d.      An order declaring that this is an exceptional case and awarding Cablevision its costs, expenses, reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules, and common law; and

24

e.      Any such other relief as the Court may deem appropriate and just under the

circumstances.

_Kelly E. Farnan_
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Kelly E. Farnan (#4395)
Farnan@rlf.com
Richards, Layton & Finger, P.A.
One Rodney Square, P.O. Box 551
Wilmington, DE 19899
(302) 651-7700

OF COUNSEL:

Josh A. Krevitt
Charles J. Boudreau
Gibson, Dunn & Crutcher LLP
200 Park Avenue, 47th Floor
New York, New York 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035

*Attorneys for Defendants Cablevision Systems*
*Corporation, CSC Holdings, Inc., Cablevision*
*Systems New York City Corporation,*
*Cablevision of Brookhaven, Inc., Cablevision*
*of Connecticut Corporation, Cablevision of*
*Hudson County, Inc., Cablevision of Litchfield,*
*Inc., Cablevision of Monmouth, Inc.,*
*Cablevision of New Jersey, Inc., Cablevision of*
*Oakland, LLC; and Cablevision of*
*Rockland/Ramapo, LLC*

Dated:  October 27, 2006

25

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2006, I electronically filed the foregoing with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and

which has also been served as noted:

### BY HAND DELIVERY

Jeffrey L. Moyer
Richards, Layton & Finger, P.A.
One Rodney Square
Wilmington, DE 19899

Mary B. Graham
Julia Heaney
Benjamin J. Schladweiler
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
Wilmington, DE  19899-1347

I hereby certify that on October 27, 2006, the foregoing document was sent to the

following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

Patrick J. Flinn
Kristen L. Melton
Jeffrey A. Cooper
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

David Maxwell
William R. Hubbard
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

Angela Payne James
Cherri Gregg
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

Blas P. Arroyo
Alston & Bird LLP
Bank of America Plaza
Suite 4000
101 South Tryon Street
Charlotte, NC  28280-4000

John W. Kozak
Steven P. Petersen
Leydig, Voit & Mayer, Ltd.
Two Prudential Plaza, Suite 4900
Chicago, IL  60601

Jeffrey S. Standley
James L. Kwak
F. Michael Speed, Jr.
Standley Law Group LLP
495 Metro Place South, Suite 210
Dublin, OH 43017

1

Robert T. Haslam
Andrew C. Byrnes
Heller Ehrman LLP
275 Middlefield Road
Menlo Park, CA  94025-3506

Michael K. Plimack
Dale A. Rice
Heller Ehrman, LLP
333 Bush Street
San Francisco, CA  94104-2878

Kelly E. Farnan (#4395)
farnan@rlf.com

2