IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER CABLE INC., et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C.A. No. 06-546 (GMS) <br> ) <br> ) **JURY TRIAL DEMANDED** <br> ) <br> ) <br> ) |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
REPLY TO THE QWEST DEFENDANTS COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaim of Defendants and Counterclaim-Plaintiffs Qwest Communications International, Inc.; Qwest Wireless, L.L.C.; Qwest Communications Corporation; Qwest LD Corp.; Qwest Broadband Services, Inc.; and Qwest Interprise America, Inc. (collectively, "Qwest") as follows:

1.      On information and belief, Katz Technology Licensing admits that Qwest Communications International, Inc. is a Delaware corporation having its principal place of business at 1801 California Street, Denver, Colorado 80202.

2.      On information and belief, Katz Technology Licensing admits that Qwest Wireless, L.L.C. is a Delaware corporation having its principal place of business at 1801 California Street, Denver, Colorado 80202.

3.      On information and belief, Katz Technology Licensing admits that Qwest Communications Corporation is a Delaware corporation having its principal place of business at 1801 California Street, Denver, Colorado 80202.

4. On information and belief, Katz Technology Licensing admits that Qwest L.D. Corp. is a Delaware corporation having its principal place of business at 1801 California Street, Denver, Colorado 80202.

5. On information and belief, Katz Technology Licensing admits that Qwest Broadband Services is a Delaware corporation having its principal place of business at 1801 California Street, Denver, Colorado 80202.

6. On information and belief, Katz Technology Licensing admits that Qwest Interprise America, Inc. is a Colorado corporation having its principal place of business at 1801 California Street, Denver, Colorado 80202.

7. Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069, as alleged in Paragraph 7 of Qwest's Counterclaim.

8. Katz Technology Licensing admits that Qwest purports to bring its counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as alleged in Paragraph 8 of Qwest's Counterclaim, but denies the viability of that request. Katz Technology Licensing further admits that the patent laws of the United States are codified at 35 U.S.C. § 101, *et seq*. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 8.

9. Katz Technology Licensing: (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); (b) admits that the Qwest Defendants purport to bring their counterclaims for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as alleged in Paragraphs 8 and 9 of their Counterclaims; and (c) denies the viability of that request for a declaratory judgment. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 9.

10. Katz Technology Licensing admits that personal jurisdiction and venue are proper in this judicial district as alleged in Paragraph 10 of Qwest's Counterclaim.

## COUNT I

11. In response to Paragraph 11 of Qwest's Counterclaim, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 10 of this Reply as if fully set forth herein.

12. Katz Technology Licensing admits that an actual controversy exists between Qwest and Katz Technology Licensing regarding Qwest's infringement of United States Patent Nos. 6,035,021 ("the '021 patent"); 6,148,065 ("the '065 patent"); 5,974,120 ("the '120 patent"); 6,349,134 ("the '134 patent"); 4,930,150 ("the '150 patent"); 5,787,156 ("the '156 patent"); 5,297,197 ("the '197 patent"); 6,434,223 ("the '223 patent"); 5,251,252 ("the '252 patent"); 5,351,285 ("the '285 patent"); 6,678,360 ("the '360 patent"); 5,815,551 ("the '551 patent"); 5,835,576 ("the '576 patent"); 4,987,590 ("the '590 patent"); 5,442,688 ("the '688 patent"); 6,424,703 ("the '703 patent"); 5,828,734 ("the '734 patent"); 5,898,762 ("the '762 patent"); 4,939,773 ("the '773 patent"); 5,684,863 ("the '863 patent"); 5,917,893 ("the '893 patent"); 6,335,965 ("the '965 patent"); 4,792,968 ("the '968 patent"); and 5,128,984 ("the '984 patent"), as alleged in Paragraph 12 of Qwest's Counterclaim.

13. Katz Technology Licensing denies the allegations set forth in Paragraph 13 of Qwest's Counterclaim.

## COUNT II

14. In response to Paragraph 14 of Qwest's Counterclaim, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 13 of this Reply as if fully set forth herein.

15. Katz Technology Licensing admits that an actual controversy exists between Qwest and Katz Technology Licensing regarding Qwest's infringement of the '021, '065, '120, '134, '150, '156, '197, '223, '252, '285, '360, '551, '576, '590, '688, '703, '734, '762, '773, '863, '893, '965, '968, and '984 patents, as alleged in Paragraph 15 of Qwest's Counterclaim. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 15.

16. Katz Technology Licensing denies the allegations set forth in Paragraph 16 of Qwest's Counterclaim.

17. Katz Technology Licensing denies the allegations set forth in Paragraph 17 of Qwest's Counterclaim.

18. Katz Technology Licensing denies the allegations set forth in Paragraph 18 of Qwest's Counterclaim.

19. Katz Technology Licensing denies the allegations set forth in Paragraph 19 of Qwest's Counterclaim.

**PRAYER FOR RELIEF ON QWEST'S COUNTERCLAIM**

Katz Technology Licensing respectfully requests that, in response to Qwest's Counterclaim, this Court:

1. Dismiss Qwest's Counterclaim with prejudice;

2. Adjudge that Qwest is not entitled to any relief, including any of the relief requested in Qwest's prayer for relief; and

3. Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Julia Heaney*

          _____
          Mary B. Graham (#2256)
          Julia Heaney (#3052)
          Benjamin J. Schladweiler (#4601)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE 19899-1347
          302.658.9200

          *Attorneys for Plaintiff*
          *Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA 94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA 94104-2878
415.772.6000

November 15, 2006
545535

5

CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Frederick L. Cottrell III, Kelly Farnan and Jeffrey L. Moyer.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 15, 2006 upon the following individuals in the manner indicated:

**BY E-MAIL**

Fred Cottrell III
Kelly Farnan
Richards, Layton & Finger, P.A.
cottrell@rlf.com
farnan@rlf.com

Jeffrey L. Moyer
Richards, Layton & Finger, P.A.
moyer@rlf.com

Josh A. Krevitt
Gibson Dunn
jkrevitt@gibsondunn.com

Jeffery S. Standley
Standley Law Group LLP
jstandley@standleyllp.com

Patrick J. Flinn
Alston & Bird LLP
patrick.flinn@alston.com

David M. Maxwell
Alston & Bird LLP
david.maxwell@alston.com

John W. Kozak
Steven P. Petersen
Leydig, Voit & Mayer, Ltd.
jkozak@leydig.com
spetersen@leydig.com

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com