IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., <br><br> Plaintiff, <br><br> v. <br><br> TIME WARNER CABLE, INC., *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 06-546 (GMS) <br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S REPLY TO CABLEVISION DEFENDANTS' COUNTERCLAIMS

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaims of Defendants and Counterclaim-Plaintiffs Cablevision Systems Corporation; CSC Holdings, Inc.; Cablevision Systems New York City Corporation; Cablevision of Brookhaven, Inc.; Cablevision of Connecticut Corporation; Cablevision of Hudson County, Inc.; Cablevision of Litchfield, Inc.; Cablevision of Monmouth, Inc.; Cablevision of New Jersey, Inc.; Cablevision of Oakland, LLC; Cablevision of Rockland/Ramapo, LLC; (collectively "the Cablevision Defendants") as follows:

1. On information and belief, Katz Technology Licensing admits that Cablevision Systems Corporation is a Delaware corporation having its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714.

2. On information and belief, Katz Technology Licensing admits that CSC Holdings, Inc. is a Delaware corporation having its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and is a subsidiary of Cablevision Systems Corporation.

3. On information and belief, Katz Technology Licensing admits that Cablevision Systems New York City Corporation is a Delaware corporation having its principal place of business at 1111 Stewart Avenue, Bethpage, New York 11714, and is a subsidiary of Cablevision Systems Corporation.

4. Katz Technology Licensing admits that the Cablevision Defendants allege in Paragraph 145 of their Counterclaims that Cablevision of Brookhaven, Inc. is a Delaware corporation having its principal place of business at 11-12 Industrial Avenue, Port Jefferson, New York 11776. On information and belief, Katz Technology Licensing further admits that Cablevision of Brookhaven, Inc. is a subsidiary of Cablevision Systems Corporation.

5. On information and belief, Katz Technology Licensing admits that Cablevision of Connecticut Corporation is a Delaware corporation having its principal place of business at 28 Cross Street, Norwalk, Connecticut 06851, and is a subsidiary of Cablevision Systems Corporation.

6. On information and belief, Katz Technology Licensing admits that Cablevision of Hudson County, Inc. is a Delaware corporation having a principal place of business at 360 First Street, Hoboken, New Jersey 07030, and is a subsidiary of Cablevision Systems Corporation.

7. On information and belief, Katz Technology Licensing admits that Cablevision of Litchfield, Inc. is a Delaware corporation having its principal place of business at 622 Torrington Road, Litchfield, Connecticut 06759, and is a subsidiary of Cablevision Systems Corporation.

8. On information and belief, Katz Technology Licensing admits that Cablevision of Monmouth, Inc. is a Delaware corporation having its principal place of business

at 1501 Eighteenth Avenue, Belmar, New Jersey 07719, and is a subsidiary of Cablevision Systems Corporation.

9.     On information and belief, Katz Technology Licensing admits that Cablevision of New Jersey, Inc. is a Delaware corporation having its principal place of business at 5 Legion Drive, Cresskill, New Jersey 07436, and is a subsidiary of Cablevision Systems Corporation.

10.    Katz Technology Licensing admits that the Cablevision Defendants allege in Paragraph 151 of their Counterclaims that Cablevision of Oakland, LLC is a Delaware corporation having its principal place of business at 40 Potash Road, Oakland, New Jersey 07436.  On information and belief, Katz Technology Licensing admits that Cablevision of Oakland, LLC is a subsidiary of Cablevision Systems Corporation.

11.    Katz Technology Licensing admits that the Cablevision Defendants allege in Paragraph 152 of their Counterclaims that Cablevision of Rockland/Ramapo, LLC is a Delaware corporation having its principal place of business at 235 West Nyack road, West Nyack, New York 10994.  On information and belief, Katz Technology Licensing admits that Cablevision of Rockland/Ramapo, LLC is a subsidiary of Cablevision Systems Corporation.

12.    Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069, as alleged in Paragraph 153 of the Cablevision Defendants' Counterclaims.

13.    Katz Technology Licensing: (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) and 35 U.S.C. § 1 *et seq.*; (b) admits that the Cablevision Defendants purport to bring their counterclaims for a declaratory

judgment pursuant to 28 U.S.C. §§ 2201 and 2202, as alleged in Paragraph 154 of their Counterclaims; and (c) denies the viability of that request for a declaratory judgment. Katz Technology Licensing denies the remaining allegations set forth in Paragraph 154.

14. Katz Technology Licensing admits that venue is proper in this judicial district, as alleged in Paragraph 155 of the Cablevision Defendants' Counterclaims.

15. Katz Technology Licensing admits that it has asserted in its Complaint that the Cablevision Defendants have been and are now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of United States Patent Nos. 6,148,065; 5,974,120; 4,930,150; 6,434,223; 5,251,252; 5,351,285; 6,449,346; 6,678,360; 6,512,415; 5,815,551; 6,424,703; 5,828,734; 5,898,762; 5,684,863; 5,917,893; 6,335,965; 4,792,968 and 5,128,984, as alleged in Paragraph 156. Katz Technology Licensing further admits that an actual controversy exists between Katz Technology Licensing and the Cablevision Defendants regarding the Cablevision Defendants' infringement of these patents.

### FIRST COUNTERCLAIM

16. In response to Paragraph 157 of the Cablevision Defendants' Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 15 of this Reply as if fully set forth herein.

17. Katz Technology Licensing denies the allegations set forth in Paragraph 158 of the Cablevision Defendants' Counterclaims.

### SECOND COUNTERCLAIM

18. In response to Paragraph 159 of the Cablevision Defendants' Counterclaims, Katz Technology Licensing realleges and incorporates by reference paragraphs 1 through 17 of this Reply as if fully set forth herein.

19.     Katz Technology Licensing denies the allegations set forth in Paragraph 160 of the Cablevision Defendants' Counterclaims.

## PRAYER FOR RELIEF ON CABLEVISION'S COUNTERCLAIMS

Katz Technology Licensing respectfully requests that, in response to the Cablevision Defendants' Counterclaims, this Court:

1.      Dismiss the Cablevision Defendants' Counterclaims with prejudice;

2.      Adjudge that the Cablevision Defendants are not entitled to any relief, including any of the relief requested in their prayer for relief; and

3.      Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

November 15, 2006
545532

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 15, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Frederick L. Cottrell III, Kelly Farnan and Jeffrey L. Moyer.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 15, 2006 upon the following individuals in the manner indicated:

### **BY E-MAIL**

| | |
|---|---|
| Fred Cottrell III<br>Kelly Farnan<br>Richards, Layton & Finger, P.A.<br>cottrell@rlf.com<br>farnan@rlf.com | Jeffery S. Standley<br>Standley Law Group LLP<br>jstandley@standleyllp.com |
| Jeffrey L. Moyer<br>Richards, Layton & Finger, P.A.<br>moyer@rlf.com | Patrick J. Flinn<br>Alston & Bird LLP<br>patrick.flinn@alston.com |
| | David M. Maxwell<br>Alston & Bird LLP<br>david.maxwell@alston.com |
| Josh A. Krevitt<br>Gibson Dunn<br>jkrevitt@gibsondunn.com | John W. Kozak<br>Steven P. Petersen<br>Leydig, Voit & Mayer, Ltd.<br>jkozak@leydig.com<br>spetersen@leydig.com |

*/s/ Julia Heaney*
_____
Julia Heaney (#3052)
jheaney@mnat.com