IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RONALD A. KATZ TECHNOLOGY LICENSING, L.P., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 06-546 (GMS) |
| TIME WARNER CABLE INC., *et al.*, | ) ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) ) ) | |

**PLAINTIFF RONALD A. KATZ TECHNOLOGY LICENSING, L.P.'S
REPLY TO UNITED STATES CELLULAR CORPORATION,
TDS TELECOMMUNICATIONS CORPORATION
AND TDS METROCOM LLC'S COUNTERCLAIM**

Plaintiff and Counterclaim-Defendant Ronald A. Katz Technology Licensing, L.P. ("Katz Technology Licensing") replies to the Counterclaim of Defendants and Counterclaim-Plaintiffs United States Cellular Corporation, TDS Telecommunications Corporation and TDS Metrocom LLC (collectively, "TDS" or the "TDS Defendants") as follows:

**Jurisdiction and Venue**

1.    Katz Technology Licensing: (a) admits that this Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a); (b) admits that TDS purports to bring its Counterclaim for a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 35 U.S.C. § 1, *et seq.*, as alleged in Paragraph 1 of the TDS Defendants' Counterclaims; and (c) denies the viability of that request for a declaratory judgment.

2.    Katz Technology Licensing admits that venue is proper in this judicial district as alleged in Paragraph 2 of TDS's Counterclaim.

**The Parties**

3.      Katz Technology Licensing admits that it is a California limited partnership with its principal place of business at 9220 Sunset Boulevard, Suite 315, Los Angeles, California 90069 as alleged in Paragraph 112 of TDS's Counterclaim.

4.      On information and belief, Defendant United States Cellular Corporation is a Delaware corporation with its principal place of business at 8410 West Bryn Mawr, Chicago, Illinois 60631.

5.       On information and belief, Defendant TDS Telecommunications Corporation is a Delaware corporation with its principal place of business at 525 Junction Road, Madison, Wisconsin 53717.

6.      On information and belief, Defendant TDS Metrocom, LLC is a Delaware limited liability company with its principal place of business at 525 Junction Road, Madison, Wisconsin 53717.

7.       Katz Technology Licensing admits that it has alleged TDS has been and is now infringing, actively inducing the infringement of, or contributing to the infringement of one or more claims of each of United States Patent Nos. 6,148,065 ("the '065 patent"); 5,974,120 ("the '120 patent"); 6,349,134 ("the '134 patent"); 4,930,150 ("the '150 patent"); 6,434,223 ("the '223 patent"); 5,251,252 ("the '252 patent"); 5,351,285 ("the '285 patent"); 6,678,360 ("the '360 patent"); 6,512,415 ("the '415 patent"); 5,815,551 ("the '551 patent"); 5,828,734 ("the '734 patent"); 5,898,762 ("the '762 patent"); 5,684,863 ("the '863 patent"); 5,917,893 ("the '893 patent"); 6,335,965 ("the '965 patent"); and 4,792,968 ("the '968 patent"); and 5,128,984 ("the '984 patent") as alleged in Paragraph 7 of TDS's Counterclaim.  Katz Technology Licensing denies the remaining allegations set forth in Paragraph 7 of TDS's Counterclaim.

## COUNT I
### (Declaratory Judgment of Non-Infringement)

8.      In response to Paragraph 8 of TDS's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 7 of this Reply as if fully set forth herein.

9.      Katz Technology Licensing admits that an actual controversy exists regarding TDS's infringement of the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '893, '965, '968, 'and '984 patents.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 9 of TDS's Counterclaim.

10.     Katz Technology Licensing denies the allegations set forth in Paragraph 10 of TDS's Counterclaim.

11.     Katz Technology Licensing denies the allegations set forth in Paragraph 11 of TDS's Counterclaim.

## COUNT II
### (Declaratory Judgment of Invalidity)

12.     In response to Paragraph 12 of TDS's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 11 of this Reply as if fully set forth herein.

13.     Katz Technology Licensing admits that an actual controversy exists regarding the validity of the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '893, '965, '968, 'and '984 patents.   Katz Technology Licensing denies any remaining allegations set forth in Paragraph 13 of TDS's Counterclaim.

14.     Katz Technology Licensing denies the allegations set forth in Paragraph 14 of TDS's Counterclaim.

15.     Katz Technology Licensing denies the allegations set forth in Paragraph 15 of TDS's Counterclaim.

<u>**COUNT III**</u>
**(Declaratory Judgment of Unenforceability)**

16.    In response to Paragraph 16 of TDS's Counterclaims, Katz Technology Licensing realleges and incorporates by reference Paragraphs 1 through 15 of this Reply as if fully set forth herein.

17.    Katz Technology Licensing admits that an actual controversy exists regarding the enforceability of the '065, '120, '134, '150, '223, '252, '285, '360, '415, '551, '734, '762, '863, '893, '965, '968, 'and '984 patents.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 17 of TDS's Counterclaim.

18.    The allegations in paragraph 18 constitute legal conclusions to which no response is required.

19.    Katz Technology Licensing denies the allegations set forth in Paragraph 19 of TDS's Counterclaim.

20.    Katz Technology Licensing denies the allegations set forth in Paragraph 20 of TDS's Counterclaim.

21.    Katz Technology Licensing denies the allegations of inequitable conduct and therefore denies the allegations set forth in the first sentence of Paragraph 21 of TDS's Counterclaim.  Katz Technology Licensing admits that certain of the patents in suit claim priority from certain of the following patents and applications:  U.S. Patent Nos. 4,845,739 ("the '739 patent"); 5,014,298 ("the '298 patent"); 5,224,153 ("the '153 patent"); 5073,929 ("the '929 patent); and U.S. Patent Application No. 06/753,299 ("the '299 application").

22.    Katz Technology Licensing denies the allegations set forth in Paragraph 22 of TDS's Counterclaim.

I.    **Alleged Failure to Disclose Material Prior Art**

   A.    **The Barger Patent**

23.    Katz Technology Licensing admits that on its face, U.S. Patent No. 4,071,698 ("the '698 patent") indicates that it was issued to Barger, Jr., *et al*.  Katz Technology

Licensing further admits that it had knowledge of the '698 patent in 1989. Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '739, '150, '298, '929, and '252 patents. Katz Technology Licensing denies all the remaining allegations set forth in Paragraph 23.

24.    Katz Technology Licensing admits that on its face, the '698 patent indicates that it was filed in the United States Patent and Trademark Office ("USPTO") on January 10, 1977. The remaining allegations in Paragraph 24 constitute legal conclusions to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 24.

25.    Katz Technology Licensing admits that on its face, the '698 patent is titled "Telephone System For Audio Demonstration And Marketing Of Goods Or Services." The term "material" in the first sentence of Paragraph 25 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. As to the remaining allegations in Paragraph 25 relating to the system allegedly disclosed by the Barger patent, the '698 patent speaks for itself and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 25.

26.    Katz Technology Licensing admits that in Appeal No. 94-0834, the Board of Patent Appeals and Interferences affirmed an Examiner's rejection of certain of Katz's pending claims in Application No. 07/640,337. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 33.

27.    The terms "materiality" and "relevance" as used in the first sentence of Paragraph 27 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent those terms are intended to allege legal materiality or relevance, the allegation constitutes a legal conclusion to which no response is required. Katz Technology

Licensing admits that the '698 patent was cited in a Supplementary European Search Report dated December 27, 1988 during the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing also admits that PCT Application No. WO 87/00375 claims priority to U.S. Patent Application No. 06/753,299. Katz Technology Licensing further admits that the Supplementary European Search Report identified the '698 patent as a "category x" document. The contents of that search report speak for themselves and the allegations relating to the report require no further response. Katz Technology Licensing admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 27.

28.      Katz Technology Licensing admits that all of the patents it has asserted against the TDS Defendants in this action claim priority to United States Patent Application No. 06/753,299, which was filed with the USPTO on July 10, 1985. The term "materiality" as used in the second sentence of Paragraph 28 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 28.

29.      Katz Technology Licensing admits that the '698 patent was not disclosed during the prosecution of the '984, '739, '150, '298, '929, '153, and '252 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 29.

30.      Katz Technology Licensing denies that the '698 patent was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that the '698 patent was listed on an information disclosure statement dated September 20, 1994, filed in connection with U.S. Patent Application No. 08/047,241, which led to the issuance of the '285 patent. Katz Technology Licensing further admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 30.

31.    Katz Technology Licensing admits that the '984, '150, '252 and '285 patents have been asserted against the TDS Defendants in this action.  Katz Technology Licensing further admits that certain of the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '150, '252, '285, '298, '929, '153 and '984 patents.  In connection with the allegations in Paragraph 31, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are alleged legal conclusions to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 31.

32.    Katz Technology Licensing admits that the '893 patent is among the patents asserted against the TDS Defendants in this action.  Katz Technology Licensing further admits that the '893 patent claims priority from other patents and applications that include the '150 and '285 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 32.

33.    Katz Technology Licensing admits that the '863, '551, '984, '252, '734, '762, '893, '120, '065, '134, '223, '415 and '360 patents are among the patents asserted against the TDS Defendants in this action.  Katz Technology Licensing further admits that certain of the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent.  Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '863, '551, '762, '893, '065, '134, '415 and '360 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 33.

34.    Katz Technology Licensing admits that the '965 patent is among the patents asserted against the TDS Defendants in this action.  Katz Technology Licensing further admits that the '965 patent claims priority from other patents and applications that include the '153 and '298 patents.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 34.

35.    Katz Technology Licensing admits that the '734, '120, and '223 patents are among the patents asserted against the TDS Defendants in this action. Katz Technology Licensing further admits that the '120, and '223 patents claim priority from other patents and applications that include the '929, '984 and '252 patents and the '734 patent claims priority from the '984 and '252 patents. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 35.

36.    Katz Technology Licensing denies all allegations set forth in Paragraph 36.

**B.    DeBruyn**

37.    Katz Technology Licensing admits that on its face, European Patent No. 0032410 (the "DeBruyn patent") indicates that it was issued to DeBruyn. Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '285, '739, '929, '984, and '252 patents. Katz Technology Licensing further admits that, except for the '150 and '984 patents, the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '150, '984, '252, '285, '739, '153 or '929 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 37.

38.    Katz Technology Licensing admits that the European Patent Office published European Patent Specification EP0032410A1 on July 22, 1981. Katz Technology Licensing further admits that the Canadian Patent Office issued Canadian Patent No. 1,162,336 on February 14, 1984. The remaining allegations in Paragraph 38 constitute legal conclusions to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 38.

39.    The term "material" in the first sentence of Paragraph 39 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent this term is intended to allege

legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 39 relate to the system allegedly disclosed by European Patent No. 0032410; Katz Technology Licensing responds that European Patent No. 0032410 speaks for itself and no further response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 39.

40.    Katz Technology Licensing admits that Canadian Patent No. 1,162,336 was cited in the Order Granting Request for Reexamination for each of U.S. Patent Nos. 5,561,707 ("the '707 patent"); 5,255,309 ("the '309 patent"); and 5,259,023 ("the '023 patent"). Katz Technology Licensing further admits that the Director Initiated Order for Reexamination with respect to the '309 patent states:  "In view of the teachings of Canadian Patent 1,162,336 to De Bruyn, a substantial new question of patentability is raised as to claim 23 of U.S. Patent No. 5,255,309, and a reexamination of all the patent claims as to the substantial new question of patentability is appropriate."  Katz Technology Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, states that "Claims 23, 25-37, 41-43, 46, 50 and 51 are rejected under 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336, De Bruyn . . . ."  Katz Technology Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/007,092 & 90/006,976), dated September 9, 2005, rejected claims 1, 7-12, 14, 20, 24, 32, 38-42, 52-58 pursuant to 35 U.S.C. § 103(a) based in part or in whole on Canadian Patent No. 1,162,336.  Katz Technology Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/006,977 & 90/007,058),dated September 1, 2005, states that "Claims 1, 2, 7, 8, 10, 21, 22-25, 26, and 27 are rejected 35 U.S.C. 102(b) as being anticipated by Canadian Patent No. 1,162,336 . . . ."  Katz Technology Licensing further admits that the non-final Office Action in Ex Parte Reexamination (Application/Control Nos. 90/006,977 & 90/007,058), dated September 1, 2005, rejected claims 5, 6, 22, and 23 pursuant to 35 U.S.C. § 103(a) based in part or in whole on Canadian Patent No. 1,162,336. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 40.

41.    The term "materiality" as used in the first sentence of Paragraph 41 is so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term "materiality" is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing admits that the Barger patent, U.S. Patent No. 4,071,698, and the DeBruyn patent, European Patent No. 0032410, were cited in a Supplementary European Search Report dated December 27, 1988 as part of the prosecution of PCT Application No. WO 87/00375. Katz Technology Licensing further admits that the Supplementary European Search Report identified European Patent 0032410 as a "category x" document. Katz Technology Licensing further admits that a copy of the search report was sent to Mr. Graham F. Coles. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 41.

42.    Katz Technology Licensing admits that European Patent No. 0032410 was not disclosed during the prosecution of the '150, '739, '929, '153, '984, and '252 patents. The terms "materiality" and "material prior art" as used in Paragraph 42 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the remaining allegations in Paragraph 42. Further, to the extent the terms "materiality" and "material prior art" are intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 42.

43.    Katz Technology Licensing denies that the DeBruyn patent was not disclosed during the prosecution of the '285 patent. Katz Technology Licensing admits that Canadian Patent No. 1, 162,336, issued to DeBruyn, was disclosed during the prosecution of the '285 patent on September 20, 1994. Katz Technology Licensing admits that the '285 patent issued on September 27, 1994. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 43.

44.     Katz Technology Licensing admits that the '150, '252, '285, and '984 patents have been asserted against the TDS Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739, '153 and '929 patents. In connection with the allegations in Paragraph 44, the terms "intentionally withheld," "material," "intent to deceive," "beyond which the patentee was entitled," "inequitable conduct," "unenforceable" and "infectious unenforceability" are legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 44.

45.     Katz Technology Licensing admits that the '285, '863, '551, '734, '762, '893, '120, '065, '965, '134, '223, '415 and '360 patents have been asserted against the TDS Defendants in this action. Katz Technology Licensing further admits that certain of the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 45.

46.     Katz Technology Licensing admits that the '893 patent is among the patents asserted against the TDS Defendants in this action. Katz Technology Licensing further admits that the '893 patent claims priority from other patents and applications that include the '150 and '285 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 46.

47.     Katz Technology Licensing admits that the '734, '120, and '223 patents are among the patents asserted against the TDS Defendants in this action. Katz Technology Licensing further admits that the '120 and '223 patents claim priority from other patents and applications that include the '929, '984 and '252 patents and the '734 patent claims priority from the '984 and '252 patents. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 47.

48.    Katz Technology Licensing denies all allegations set forth in Paragraph 48.

C.    **International Application No. WO 87/00375**

49.    Katz Technology Licensing admits that it has asserted the '285 patent against the TDS Defendants in this action.  Katz Technology Licensing denies that PCT Application No. WO 87/00375 ("the WO '375 application") was not disclosed to the USPTO as part of the prosecution of the '285 patent.  Katz Technology Licensing admits that the issue fee for the '285 patent was paid on June 3, 1994.  Katz Technology Licensing further admits that the WO '375 application was disclosed to the USPTO as part of the prosecution of the '285 patent on September 20, 1994.  Katz Technology Licensing admits that the WO '375 application was not disclosed to the USPTO as part of the prosecution of the '739 patent.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 49.

50.    Katz Technology Licensing admits that the WO '375 application is titled "Statistical Analysis System for Use with Public Communication Facility."  The remaining allegations relate to the system allegedly disclosed in the WO '375 application; Katz Technology Licensing responds that the application speaks for itself and that no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 50.

51.    Katz Technology Licensing admits that the WO '375 application was filed pursuant to the Patent Cooperation Treaty ("PCT") and published on January 15, 1987.  The remaining allegations in Paragraph 51 constitute legal conclusions to which no response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 51.

52.    Katz Technology Licensing admits that the '739 and '285 patents each has an actual filing date of January 15, 1988 or later.  The allegations in the second and third sentences of Paragraph 52 relate to the contents of the '739 and the '285 patents and the WO '375 application, which speak for themselves and as to which no further response is required. The remaining allegations in Paragraph 52 constitute legal conclusions to which no response is required.  Katz Technology Licensing denies any remaining allegations set forth in Paragraph 52.

53.     The terms "material," "materiality" and "relevant" in Paragraph 53 are so vague and uncertain that Katz Technology Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations.  Further, to the extent these terms are intended to allege legal materiality or relevance, the allegations constitute legal conclusions to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 53.

54.     Katz Technology Licensing admits that the patent applicant had knowledge of the WO '375 application during prosecution of the '739 and '285 patents.  The term "duty to disclose information material to the patentability of any of Katz's pending patent applications" is so vague and uncertain that Katz Licensing lacks sufficient information or knowledge to respond and on that basis denies the allegations.  Further, to the extent these terms are intended to allege a legal duty or legal materiality, the allegations constitute legal conclusions to which no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 54.

55.     Katz Technology Licensing admits that the '285 patent has been asserted against the TDS Defendants in this action.  Katz Technology Licensing further admits that certain of the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent.   In connection with the allegations in Paragraph 55, the terms "intentionally withheld," "intent to deceive," "beyond which Katz was entitled," "inequitable conduct," "unenforceable" and "related, material subject matter" are alleged legal conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 55.

56.     Katz Technology Licensing admits that certain of the patents asserted against the TDS Defendants claim priority from other patents and applications that, depending upon the asserted patent, may include the '739 patent.  In connection with the allegations in Paragraph 56, the terms "inequitable conduct," "material," and "unenforceable" are alleged legal

conclusions to which no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 56.

57.    Katz Technology Licensing denies all allegations set forth in Paragraph 57.

### D.    The Daudelin '995 Patent

58.    Katz Technology Licensing admits that U.S. Patent No. 4,943,995 was not disclosed during the prosecution of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 58.

59.    Katz Technology Licensing admits that U.S. Patent No. 4,943,995, on its face, indicates that it was filed with the USPTO on October 8, 1986 and issued on July 24, 1990 to Daudelin, *et al*. ("the Daudelin '995 patent"). Katz Technology Licensing further admits that U.S. Patent No. 5,974,120 was filed on June 7, 1995. The remaining allegations in Paragraph 59 constitute legal conclusions to which no response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 59.

60.    The term "material" in the first sentence of Paragraph 60 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 60 relate to the system allegedly disclosed by the Daudelin '995 patent; Katz Technology Licensing responds that the patent speaks for itself and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 60.

61.    The term "material" in the first sentence of Paragraph 61 is so vague and uncertain that Katz Technology lacks sufficient information or knowledge to respond and on that basis denies the allegations in that sentence. Further, to the extent the term is intended to allege legal materiality, the allegation constitutes a legal conclusion to which no response is required. The remaining allegations in Paragraph 61 relate to the claims of the '120 patent; Katz

Technology Licensing responds that the patent speaks for itself and no further response is required. Katz Technology Licensing denies any remaining allegations set forth in Paragraph 61.

62.     Katz Technology Licensing admits that the Daudelin '995 patent was disclosed to the USPTO during the prosecution of certain patents asserted against the TDS Defendants. Katz Technology Licensing further admits that the Daudelin '995 patent was disclosed to the USPTO more than two years prior to the issuance of the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 62.

63.     Katz Technology Licensing denies all allegations set forth in Paragraph 63.

64.     Katz Technology Licensing admits that it has asserted the '223 patent against the TDS Defendants in this action. Katz Technology Licensing further admits that the '223 patent claims priority to other patents and applications that include the '120 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 64.

65.     Katz Technology Licensing denies all allegations set forth in Paragraph 65.

### E.     The Periphonics Art

66.     Katz Technology Licensing denies the allegations set forth in Paragraph 66.

67.     Katz Technology Licensing admits that a protective order was entered in *Verizon California Inc. v. Ronald A. Katz Technology Licensing, L.P.*, No. 01-9871 CAS RCx (C.D.Cal.). Katz Technology Licensing lacks sufficient information and knowledge that would allow it to answer the remaining allegations in Paragraph 67 and on that basis denies them.

## II.     Alleged False and Misleading Statements

68.     Katz Technology Licensing denies all allegations set forth in Paragraph 68.

69.     Katz Technology Licensing admits that the '734 patent is a continuation of the '252 patent, which is a continuation of the '984 patent. Katz Technology Licensing further

admits that during prosecution of the '984 patent, the patent applicant stated that the "Katz reference (R), International Publication No. WO 87/00375 coincides to the parent of U.S. Patent 4,792,968. In that regard, as now recited in the specification, the present application is a continuation-in-part of Serial No. 312,792; which is a continuation-in-part of Serial No. 194,258 (now patent 4,845,739); which is a continuation-in-part of Serial No. 018,244 (now patent 4,792,968); which is a continuation-in-part of Serial No. 753,299 which is the equivalent of the reference. Accordingly, the international application is not properly a reference against the present case." Katz Technology Licensing admits that PCT Application No. WO 87/00375 was published more than one year prior to the actual filing date of the '734 patent. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 69.

70. Katz Technology Licensing denies all allegations set forth in Paragraph 70.

71. Katz Technology Licensing admits that the '223 is a continuation of the '120, which is a continuation of the '734, which is a continuation of the '252, which is a continuation of the '984. Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents. To the extent that the allegations Paragraph 71 constitute legal conclusions, Katz Technology Licensing responds that no response is required. Katz Technology Licensing denies all remaining allegations set forth in Paragraph 71.

72. Katz Technology Licensing admits that in an Amendment filed January 31, 1996 as part of the prosecution of the '734 patent, the patent applicant stated, "[a]lthough it is questionable whether the Brown patent even qualifies as prior art, Applicant in the interest of being candid, is bringing it to the Examiner's attention. The Brown patent has an issue date of November 20, 1990, and a filing date of September 20, 1989. It should be noted that the present application ultimately claims priority from Applicant's parent patent U.S. Patent No. 4,930,150, which predates the Brown patent with respect to disclosure of alternate access possibilities (e.g.,

'800' or '900')."   Katz Technology Licensing denies all remaining allegations set forth in Paragraph 70.

73.     Katz Technology Licensing admits that the '223 is a continuation of the '120, which is a continuation of the '734.  Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents.  To the extent that the allegations Paragraph 73 constitute legal conclusions,  Katz Technology Licensing responds that no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 73.

74.     Katz Technology Licensing admits that in a Supplemental Amendment filed March 14, 1995 as part of the prosecution of the '734 patent, the patent applicant stated "U.S. Patent No. 4,797,913 (Kaplan et al.) is directed to a telephonic vending system involving the use of (ANI) information for qualification (column 2, line 50).  However, it should be noted that in that regard, the present application is entitled to a priority date earlier than that of the subject reference."  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 74.

75.     Katz Technology Licensing admits that the '223 is a continuation of the '120, which is a continuation of the '734.  Katz Technology Licensing further admits that terminal disclaimers were filed as part of the prosecution of the '734, '120, and '223 patents.  To the extent that the allegations Paragraph 75 constitute legal conclusions,  Katz Technology Licensing responds that no response is required.  Katz Technology Licensing denies all remaining allegations set forth in Paragraph 75.

## PRAYER FOR RELIEF ON TDS'S COUNTERCLAIM

Katz Technology Licensing respectfully requests that, in response to TDS's Counterclaim, this Court:

1.     Dismiss TDS's Counterclaim with prejudice;

2.     Adjudge that TDS is not entitled to any relief, including any of the relief requested in TDS's prayer for relief; and

3.     Award to Katz Technology Licensing the relief requested in its Complaint and such other relief as the Court may deem appropriate and just under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Julia Heaney*

Mary B. Graham (#2256)
Julia Heaney (#3052)
Benjamin J. Schladweiler (#4601)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
302.658.9200

OF COUNSEL:

Robert T. Haslam
Andrew C. Byrnes
HELLER EHRMAN LLP
275 Middlefield Road
Menlo Park, CA  94025-3506
650.324.7000

Michael K. Plimack
Dale A. Rice
HELLER EHRMAN LLP
333 Bush Street
San Francisco, CA  94104-2878
415.772.6000

*Attorneys for Plaintiff*
*Ronald A. Katz Technology Licensing, L.P.*

November 20, 2006
546500

## CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2006, I electronically filed the foregoing document with the Clerk of Court using CM/ECF, which will send notification of such filing to the following Frederick L. Cottrell III, Kelly Farnan and Jeffrey L. Moyer.

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on November 20, 2006 upon the following individuals in the manner indicated:

## BY E-MAIL

Fred Cottrell III
Kelly Farnan
Richards, Layton & Finger, P.A.
cottrell@rlf.com
farnan@rlf.com

Jeffery S. Standley
Standley Law Group LLP
jstandley@standleyllp.com

Jeffrey L. Moyer
Richards, Layton & Finger, P.A.
moyer@rlf.com

Patrick J. Flinn
Alston & Bird LLP
patrick.flinn@alston.com

David M. Maxwell
Alston & Bird LLP
david.maxwell@alston.com

Josh A. Krevitt
Gibson Dunn
jkrevitt@gibsondunn.com

John W. Kozak
Steven P. Petersen
Leydig, Voit & Mayer, Ltd.
jkozak@leydig.com
spetersen@leydig.com

*/s/ Julia Heaney*

_____
Julia Heaney (#3052)
jheaney@mnat.com